FREDERICK L. COLWELL, Respondent, *v.* CHARLES A. TINKER, Appellant.

1. CRIMINAL CONVERSATION — JUDGMENT THEREFOR NOT RELEASED BY DEFENDANT'S SUBSEQUENT DISCHARGE IN BANKRUPTCY. An action for criminal conversation implies malice in law; a wrongful act done intentionally without just cause or excuse; and a judgment recovered therein is for both a willful and malicious injury " to the person or property of another," within the meaning of section 17 of the Bankruptcy Act (30 U. S. Stat. at Large, 550), from which the defendant is not released by his subsequent discharge in bankruptcy.

2. CANCELLATION OF JUDGMENT UNDER CODE CIV. PRO. § 1268. An order of the Appellate Division affirming, with leave to renew the application, an order of Special Term denying a motion by the defendant in an action for criminal conversation, made under section 1268 of the Code of Civil Procedure, to have canceled of record a judgment recovered therein because he had been subsequently discharged in bankruptcy, which motion was denied upon the ground that the judgment was for willful and malicious injury to the person and property of plaintiff, and that he was not released therefrom by his discharge, is proper and must be affirmed.

*Colwell* v. *Tinker*, 65 App. Div. 20, affirmed.

(Argued January 8, 1902; decided January 31, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 9, 1901, which affirmed an order of Special Term denying the prayer of the defendant to have canceled of record a judgment recovered against him by the plaintiff.

The facts, so far as material, are stated in the opinion.

*Nelson Smith* for appellant. The order of the Appellate Division affirming the order of the Special Term refusing to cancel the judgment is appealable to this court as an order finally determining a special proceeding. (Const. of N. Y. art. 6, § 9 ; Code Civ. Pro. § 190, subd. 1 ; *Peri* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 521.) The discharge of the appellant in bankruptcy released him from the payment of this judgment, it not having been recovered in an action for any of the causes mentioned in the exceptions of section 17a of the Bankruptcy Act. (Brandenburg on Bankruptcy, 264.) When the enacting clause or purview of a statute as in

this case is general, the exceptions to it must be strictly construed, and it rests with the respondent to show that the judgment falls within some of the exceptions. (*U. S.* v. *Dickinson*, 15 Pet. 141; *Minis* v. *U. S.*, 15 Pet. 423; *Spiers* v. *Parker*, 1 T. R. 141; Sedg. on Stat. Const. [2d ed.] 50; Potter's Dwarris on Stat. 118, 119.) The gravamen of the action in which the judgment was recovered determines whether it is within any of the exceptions of the statute. (*Burnham* v. *Pidcock*, 58 App. Div. 273; *Matter of Rhutassel*, 96 Fed. Rep. 597; *H. M. D. G. Co.* v. *Hudson*, 111 Fed. Rep. 361.) The gravamen of the action in which this judgment was recovered was not for a willful and malicious injury to the person or property of Colwell; but, on the contrary, was for the violation of his marital rights, the loss of consortium with his wife. (2 Greenl. on Ev. § 51; *Weedon* v. *Timbrel*, 5 T. R. 357; *Barnes* v. *Allen*, 1 Abb. Ct. App. Dec. 111; *Matter of Tinker*, 99 Fed. Rep. 80; *Bagouette* v. *Paulet*, 134 Mass. 123; *Chambers* v. *Caulfield*, 6 East, 244; *Winter* v. *Henn*, 4 C. & P. 494; *Bartelott* v. *Hawkes*, 7 Peake Cas. 7; *Wilton* v. *Webster*, 7 C. & P. 198; *Harvey* v. *Watson*, 7 M. & G. 644.) Malice is not an ingredient of an action for criminal conversation. (1 Saund. on Plead. & Ev. [5th Am. ed.] 874–881; Abbott's Tr. Ev. [2d ed.] 863–867; *Berdan* v. *Turney*, 99 Cal. 649; *Wales* v. *Minor*, 89 Ind. 118.) The fraud or malice constituting the gravamen of the action to bring a judgment recovered in it within the exceptions of section 17a of the Bankrupt Act, means positive fraud or positive malice, and not implied fraud or implied malice. (*Burnham* v. *Pidcock*, 58 App. Div. 273; *Neal* v. *Clark*, 95 U. S. 704; *Strang* v. *Bradner*, 114 U. S. 555; *Hennequin* v. *Clews*, 111 U. S. 676.) The conversation with the respondent's wife was not an injury to his person. (*Mitchell* v. *R. R. Co.*, 151 N. Y. 107.) The Bankruptcy Law under the United States Constitution is an act of Congress uniform throughout the United States. It may be construed in the light of the common law, but its interpretation may not be made by the legislation of any state. (*Murray* v. *C.*

& *N. W. Ry. Co.*, 62 Fed. Rep. 24; *W. U. T. Co.* v. *C. P. Co.*, 181 U. S. 93; Black on Interp. of Laws, 327–380, 427, 428; *Burgess* v. *Seligman*, 107 U. S. 720; *Payne* v. *Hook*, 7 Wall. 725.) The criminal conversation with respondent's wife was not an injury to his property. (*Cregin* v. *B. C. R. R. Co.*, 83 N. Y. 595; *Bagouette* v. *Paulet*, 134 Mass. 124; *Reynolds* v. *Robinson*, 64 N. Y. 589; *Jones* v. *U. & B. R. R. R. Co.*, 40 Hun, 351; *Baker* v. *Bolton*, 1 Camp. 493; *Lynch* v. *Davis*, 12 How. Pr. 223.)

*Thomas McAdam* for respondent. The United States court had no jurisdiction to grant the discharge. (*Matter of Maples*, 5 Am. Bank. Rep. 426.) The discharge did not operate on the debt in suit, the judgment being for a willful and malicious injury to the person and property of the plaintiff. (*Groth* v. *Washburn*, 34 Hun, 509; *Cregin* v. *Railroad Co.*, 75 N. Y. 195; 83 N. Y. 595; Code Civ. Pro. § 3343; *Delamater* v. *Russell*, 4 How. Pr. 234; *Straus* v. *Schwarzwaelder*, 4 Bosw. 627; *Matter of Freche*, 6 Am. Bank. Rep. 481; Bigelow on Torts, 12, 98; *Matter of Maples*, 5 Am. Bank. Rep. 430; *U. S.* v. *Reed*, 86 Fed. Rep. 309; *Bronage* v. *Prosser*, 4 B. & C. 25; *Ratcliffe* v. *Evans*, L. R. [2 Q. B. 1892] 524; *Melin* v. *White*, L. R. [3 Ch. 1894] 276.) Subdivision 2 of section 17 of the Bankruptcy Act does not apply to the judgment in suit. (*Matter of Cotton*, 2 N. Y. Leg. Obs. 370; *Matter of Maples*, 5 Am. Bank. Rep. 426; *Disler* v. *McCauley*, 35 Misc. Rep. 411; *Matter of Freche*, 6 Am. Bank. Rep. 479; *Johnston* v. *Disbrow*, 47 Mich. 59; *Johnson* v. *Allen*, 100 N. C. 171; *Cornelius* v. *Hamburg*, 150 Penn. St. 359.)

BARTLETT, J. The respondent recovered in the Supreme Court a judgment against the appellant on the ninth day of February, 1897, which was entered in the clerk's office of the county of New York, for $50,653.98, damages and costs, in an action for criminal conversation with his wife. On the thirteenth day of September, 1899, the appellant was adjudicated a bankrupt on his own petition by the District Court

of the United States for the southern district of New York. On the second day of February, 1890, the appellant was duly discharged.

Section 17 of the Bankruptcy Act reads in part as follows: " A discharge in bankruptcy shall release a bankrupt from all his provable debts except such as (1)   *   *   *; (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another;   *   *   *."

Section 1268 of the Code of Civil Procedure provides in substance that at any time after one year has elapsed since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which the judgment was rendered against him for an order directing the judgment to be canceled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment, or the debt upon which it was recovered, an order must be made directing that it be canceled and discharged of record.

When the bankrupt applied for his discharge to the United States District Court the respondent challenged the jurisdiction of the court, on the ground that the only debt appearing in the schedules of the bankrupt was the judgment referred to in the action for criminal conversation, and as that could not be discharged by proceedings in bankruptcy, the court was precluded from granting the discharge, as there was nothing for it to operate upon. The learned district judge, in sustaining the exception to this objection, held that the ordinary course of procedure in adjudging discharges is to grant the application if the bankrupt is otherwise entitled to the discharge without determining in any way the effect of its releasing any particular debt, whether contained in the schedules or not, and thereupon the discharge was granted.

After the expiration of one year from the time of the discharge of the bankrupt, he applied for the cancellation of the judgment under section 1268 of the Code. The Special Term

denied the motion on the ground that the judgment was recovered for willful and malicious injuries to the person and property of another.  The Appellate Division affirmed this order, but with leave to appellant to renew the application upon such additional papers as may be advised.  This leave to renew was based upon the view entertained by the learned court that nothing was before them to show upon what the verdict against the appellant was based except a general allegation that it was an action for criminal conversation, and that the real nature of the action could not be determined unless the judgment record was before the court, as an action for criminal conversation does not necessarily involve malice against the plaintiff.

It is, therefore, important to determine what is implied by a judgment entered upon the verdict of a jury finding the defendant guilty of criminal conversation with the plaintiff's wife.  Section 3343 of the Code, subdivision 9, defines a "personal injury" to be, among other things, criminal conversation.  As this is a mere legislative definition of a personal injury, for the guidance of the courts in this state, it may be regarded for the purposes of this discussion as of no binding force in the determination of the Federal question now presented.  It is very clear upon principle and authority that criminal conversation is a willful and malicious injury to both the person and the property of the husband.

In the recent case of *In re Freche* (6 American Bankruptcy Reports, 479) the United States District Court of New Jersey held that a judgment in a father's action for the seduction of his daughter, under the law of New Jersey, is one for the willful and malicious injury to the person and property of another, within the meaning of section seventeen of the Bankruptcy Act, and is not released by a discharge.  The learned district judge in his opinion uses this language: "The judgment recovered in this case in the state court is based upon the theory of compensating the plaintiff for the injuries which he had sustained to his person or property, or both. From the nature of the case, the act of the defendant Freche,

which caused the injury, was willful because it was voluntary. The act was unlawful, wrongful and tortious, and being willfully done, it was in law malicious. It was malicious because the injurious consequences which followed the wrongful act were those which might naturally be expected to result from it, and which the defendant Freche must be presumed to have had in mind when he committed the offense. ' Malice ' in law simply means a depraved inclination on the part of a person to disregard the rights of others, which intent is manifested by his injurious acts. While it might be true that in the unlawful act Freche was not actuated by hatred or revenge, or passion toward the plaintiff, nevertheless if he acted wantonly against what any man of reasonable intelligence must have known to be contrary to his duty and purposely prejudicial and injurious to another, the law will imply malice." (See, also, *United States* v. *Reed*, 86 Fed. Rep. 308, 312.)

The husband's right to the services of his wife is a right of property. In *Cregin* v. *Brooklyn C. T. R. R. Co.* (75 N. Y. 192) Judge RAPALLO, speaking of this right, said : " He had the right to the services of his wife, they were of pecuniary value to him, and any wrong by which he was deprived of those services, or put to expense to remedy or palliate the consequences of the injury to his wife, was a wrong done to his rights and interests." (See also the same case reported in 83 N. Y. 595.) On principle criminal conversation with the wife is a personal injury to the husband without regard to the statutory declarations to that effect in this state.

While loss of service is usually pleaded in this form of action, yet its real foundation is the personal injury inflicted upon the husband. The offense charged is a most grievous wrong against social order and society ; it strikes at the foundations of the home and the legitimacy of offspring. The husband, who is entitled to live with his wife and enjoy her society in the marriage relation, finds himself humiliated and, to a certain extent, disgraced by a public scandal; the marriage bed is dishonored ; his domestic peace and comfort are destroyed and he is subjected to great mental suffering.

In *Bromage* v. *Prosser* (4 Barn. & Cress. 247), BAYLEY, J., writing in an action for words spoken of the plaintiffs in their trade and business as bankers, said: "Malice in common acceptation means ill-will against a person, but in its legal sense it means a wrongful act done intentionally without just cause or excuse."

If there is such a thing as malice in law, and if it is ever presumed by reason of the act committed, it would seem to be in an action for criminal conversation, where a jury has awarded the injured husband damages in the sum of fifty thousand dollars. The defendant alleges this recovery in his petition upon which this proceeding is founded.

In many causes of action it is apparent that to determine whether an act is willful or malicious the surrounding circumstances must be considered, but in an action for criminal conversation, the fact of criminal intercourse being established, malice in law must follow, and the circumstances are important only on the question of damages.

A person voluntarily invading and destroying the marriage relation is guilty of a willful, wanton act, and it is not necessary to prove that he was moved by hatred, revenge or passion towards the husband. The law in such a case implies malice, and the judgment that follows is for both a willful and malicious injury to the person and property of another.

The policy of the Bankrupt Law is to discharge the honest and unfortunate debtor from his contract obligations, and not free him from judgments involving his fraud, which implies moral turpitude or intentional wrong, or judgments for willful and malicious injuries to the person or property of another.

In the case of *Re Cotton* (2 N. Y. Legal Observer, 370) the court, in commenting on this latter class of cases, said: "In all of these cases it is held that the payments provided for by the judgments and decrees are of penalties or fines imposed for wrongful or criminal acts, or to enforce a moral or natural duty, rather than of the nature of debts." (See, also, *In re Blumberg*, 1 Amer. Bankruptcy Repts. 634.)

The real nature of this action is sufficiently apparent from the petition of the defendant.

The order of the Special Term, in denying the defendant's motion that the judgment in this action be canceled and discharged of record, protects the defendant, as it is without prejudice to any right he may have to prosecute an action to procure a determination of the effect of the discharge in bankruptcy upon the said judgment, or otherwise test the validity of the discharge as a release of said defendant from said judgment.

The order of the Appellate Division should be affirmed, with costs to the plaintiff.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, CULLEN and WERNER, JJ., concur.

Order affirmed.