MATILDA HOYKENDORF, Appellant, *v.* BRADLEY CON-
TRACTING COMPANY, Respondent.

**Negligence — question of fact — when new trial should be
ordered.**

In an action to recover for injuries from falling over a cleat nailed
to a temporary flooring over a subway, the defendant produced as its
only witness an employee who testified to a measurement of the cleat.
The plaintiff called an inspector of a street railway company, who,
with another witness, testified to his opinion as to the thickness of the
cleat.   Under these circumstances, this court is unable to accept
as a verity the measurements which the defendant's employee testified
that he made, and disregard the contradictory testimony and estimate
of the inspector produced by the plaintiff.   A question of fact as to the
defendant's negligence was presented and a new trial should be ordered.
(*Faber* v. *City of New York*, 213 N. Y. 411; *Casey* v. *City of New
York*, 217 N. Y. 192, followed.)

*Hoykendorf* v. *Bradley Contracting Co.*, 181 App. Div. 922, modified.

(Argued October 23, 1919; decided November 18, 1919.)

APPEAL from a judgment entered January 5, 1918, upon
an order of the Appellate Division of the Supreme Court
in the first judicial department, reversing a judgment in
favor of plaintiff entered upon a verdict directed by the
court and directing a dismissal of the complaint in an
action to recover for personal injuries alleged to have
been sustained by plaintiff through the negligence of
defendant.

The facts, so far as material, are stated in the opinion.

*David L. Podell* and *Melville H. Cane* for appellant.
The facts compel the reasonable inference that defendant
was negligent. (*Derby* v. *D. M. Contracting Co.*, 112
App. Div. 234; 188 N. Y. 631; *Duer* v. *N. Y. C. & H.
R. R. Co.*, 184 N. Y. 320; *Corr* v. *City of New York*,
121 App. Div. 578; *Kelly* v. *City of New York*, 197 N. Y.
543; 129 App. Div. 658; *Quirk* v. *Bradley Cont. Co.*,

79 Misc. Rep. 368; *Wensley* v. *City of New York,* 173 App. Div. 248; *Faber* v. *City of New York,* 213 N. Y. 411; *Casey* v. *City of New York,* 217 N. Y. 192.)

*Frederick L. C. Keating* and *Israel V. Werbin* for respondent. The plaintiff has failed to prove actionable negligence on the part of the defendant. (*Lalor* v. *City of New York,* 208 N. Y. 434; *Derby* v. *D. M. Contracting Co.,* 112 App. Div. 334; 188 N. Y. 631; *Nolan* v. *King,* 97 N. Y. 565; *Nessler* v. *N. Y. Housewrecking Company,* 156 App. Div. 349; *Keating* v. *Metropolitan St. R. R. Co.,* 105 App. Div. 364; *Vanderborg* v. *New York City,* 158 App. Div. 297; *Beltz* v. *City of Yonkers,* 148 N. Y. 67; *Butler* v. *Village of Oxford,* 186 N. Y. 44.)

CHASE, J. On June 20, 1914, the plaintiff alighted from a west-bound Eighty-sixth street surface car in the city of New York and started in a diagonal course toward the sidewalk. The car had stopped just before reaching the crosswalk on Eighty-sixth street along the east side of Lexington avenue. When the plaintiff had walked one-third of the distance from the car to the sidewalk, and while looking to see if a wagon was coming, she stumbled against a cleat which was nailed to the temporary wooden flooring or roadway used by the defendant in connection with a new subway then under construction by it and fell receiving the injuries for which this action is brought.

The Appellate Division reversed the judgment obtained at the Trial Term, saying that the finding of negligence by the defendant " was clearly against the evidence," and dismissed the complaint. (*Hoykendorf* v. *Bradley Contracting Co.,* 181 App. Div. 922.)

The only witness produced by the defendant was a man in its employ as an investigator of claims. He in effect testified that it was not necessary to maintain a cleat more than two inches thick where the one in

question was maintained. He testified that a cleat was necessary to cover an opening in the flooring where laborers had lowered ropes to hold cables, a part of the subsurface structures. He further testified that after the accident he measured the cleat and that it was one and one-half feet long, ten inches wide, and two inches thick and that it was bevelled on the four sides at an angle of forty-five degrees from the flooring to the top of the cleat. The plaintiff in her complaint alleged that the cleat was about two inches thick, but one of her witnesses who was an inspector employed by the railroad company and was on the front platform of the car at the time the plaintiff fell, testified that he observed the cleat and that it was about two feet long, eight inches wide and four inches thick and bevelled on one end. Another witness called by the plaintiff was at the time the plaintiff fell on the sidewalk a short distance from her. He testified that the cleat was one and one-half feet in length, less than a foot in width, and about two and one-half inches thick and bevelled on the edges.

The evidence in this case is not like the case of *Lalor* v. *City of New York* (208 N. Y. 431) where the *plaintiff produced* several witnesses, one of whom had made measurements which were accepted as entirely destroying the probative and evidentiary value of the estimates and conjectures of the other witnesses produced by her; or the case of *Terry* v. *Village of Perry* (199 N. Y. 79) where the measurements as given by one of the *plaintiff's witnesses* were so manifestly correct that they were accepted on appeal.

We are in this case unable to accept as a verity the measurements which *the defendant's employee and witness* testified that he made and disregard the testimony and estimate of the railroad inspector produced by the plaintiff (*Casey* v. *City of New York,* 217 N. Y. 192), even although it may seem that the inspector was mistaken in his estimate.

In determining as to the weight of evidence the Appellate Division might disregard the estimate as to the thickness of the cleat made by the plaintiff's witnesses and accept the measurements of the defendant's witness, but this court cannot weigh the evidence. The dismissal of the complaint requires this court in the consideration of the case to take the view of the evidence most favorable to the plaintiff. (*Faber* v. *City of New York*, 213 N. Y. 411; *Melcher* v. *Ocean Accident & Guarantee Corp.*, 226 N. Y. 51; *Kraus* v. *Birnbaum*, 200 N. Y. 130.)

The cleat was placed about twelve to twenty-five feet west of the crosswalk on Eighty-sixth street along the east side of Lexington avenue. It was not in a place in the roadway where persons alighting from west-bound Eighty-sixth street surface cars would necessarily pass, but where as in the case of the plaintiff they would pass if they took a diagonal course to the sidewalk. In view of the place in the roadway where the cleat was nailed and the testimony of the defendant's employee and witness showing substantially that a two-inch cleat was all that was necessary to protect the hole made in the roadway, if it is true that a cleat four inches thick was there maintained bevelled only on one end, a question of fact was presented as to the defendant's negligence.

The judgment should be modified by striking out the part thereof dismissing the complaint and inserting in place thereof a direction for a new trial, and costs of this appeal are awarded to the plaintiff to abide the event.

HISCOCK, Ch. J., COLLIN, HOGAN, CARDOZO, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.