HERMAN WEISS, Trustee in Bankruptcy of LET's GO TO MURRAY's, INC., Appellant, v. FLEETWOOD BANK, Respondent.

Second Department, April 7, 1941.

*Sidney H. Reich*, for the appellant.

*Frank H. Connelly, Jr.*, for the respondent.

LAZANSKY, P. J. "Let's Go to Murray's, Inc.," which conducted a restaurant in Tuckahoe, filed on January 27, 1939, a debtor petition for an "arrangement" under chapter 11 ▌ of the Bankruptcy Act in the United States District Court for the Southern District of New York. Thereupon the court enjoined creditors from interfering with or transferring the debtor's property until further order. The debtor continued in business and remained in possession of its property until September 19, 1939, when, because the "arrangement" failed of consummation, the debtor was adjudicated a bankrupt and plaintiff became its trustee in bankruptcy. After the filing of the petition for "arrangement," the debtor opened and from February 3 to August 11, 1939, kept a checking account with defendant bank, which had notice of the "arrangement" proceeding. One Murray E. Birnbaum was the chief factor of the debtor. In March and April, 1939, Birnbaum indorsed five certified checks aggregating $3,189.15, drawn on other banks to the order of the debtor, by writing the name of the debtor and affixing thereto "Murray E. Birnbaum, Trustee," and procuring the cash therefor from defendant. On March 1, 1939, and May 2, 1939, defendant cashed for Birnbaum two checks aggregating $800, drawn on the debtor's said account and signed as the five checks were indorsed. Birnbaum had not been authorized to act as trustee of the debtor. The moneys, amounting to $3,989.15, were used by Birnbaum for his own purposes. The five checks which were cashed, and the account of the debtor with the bank on which the said two checks were drawn, represented receipts in the business of the debtor conducted after the petition for "arrangement" had been filed and before its failure.

An "arrangement" means any plan of an insolvent debtor for the settlement, satisfaction or extension of the time of payment of his unsecured debts, upon any terms. (Bankruptcy Act, §§ 306, subd. 1, 323, as added by the act of June 22, 1938.) In such proceeding the court has exclusive jurisdiction of the debtor and his property, wherever located. (§ 311.) When a petition is filed, such as the one in this case, the jurisdiction, powers and duties of the court, the powers of its officers, and the rights of the debtor, are the same as if a voluntary petition for adjudication in bank-

ruptcy had been filed and a decree of adjudication had been entered at the time the petition was filed. (§§ 312, subd. 1; 341.) When no receiver or trustee is appointed the debtor continues in possession of the property and has all the title and exercises all the powers of a *trustee appointed under the act,* subject, however at all times to the control of the court. (§ 342.) The debtor in possession has the power, when authorized by the court and subject to its control, to operate the business and manage the property of the debtor during such period as the court may from time to time fix. (§ 343.) If an " arrangement " is withdrawn or abandoned or not accepted by the creditors or fails for other reasons, the court enters an order either adjudging the debtor a bankrupt and directing that bankruptcy be proceeded with pursuant to the provisions of the act or dismissing the proceeding and closing the estate, whichever may be in the interest of the creditors. (§§ 376, subd. 2; 380.) Where an order is entered directing that the bankruptcy go forward, the proceeding is conducted, so far as possible, in the same manner and with like effect as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered on the day when the petition for an " arrangement " was filed. (§ 378, subd. 2.)

Upon the foregoing provisions dealing with an " arrangement," respondent argues that the property rights of a debtor are the same as those of a bankrupt in the ordinary bankruptcy proceeding and that this view is confirmed by section 70█ of the Bankruptcy Act, which provides that the trustee of the estate of a bankrupt shall be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition in bankruptcy *or of the original petition proposing an arrangement or plan under the act.* On this basis, respondent says, since the funds in question came out of the conduct of the business after the filing of the petition for " arrangement," they are after-acquired property, the title to which does not vest in the trustee in bankruptcy and, therefore, it was not guilty of a conversion.

True it is that the funds are after-acquired property, but they are not after-acquired property of the debtor, as such.

Under the act, the debtor is permitted to remain in possession and to conduct the business, but the title of the debtor is the title of a trustee. (§ 342.) Thus, while the title of the one who becomes trustee after the failure of the " arrangement " and adjudication in bankruptcy vests as of the date of the filing of the petition, it is expressly provided that, during the pendency of the " arrangement " proceeding, the debtor holds title as a trustee; and from

the time of the filing of an " arrangement " petition, the property becomes a trust fund under the control of the court until the " arrangement " is consummated, or for creditors in bankruptcy if the " arrangement " fails and there is adjudication in bankruptcy, or for the debtor if the " arrangement " proceeding be dismissed for failure. So here, the business and its assets, after the filing of the petition for an " arrangement," were not the property of the debtor, but were a trust fund under the control of the court. Increments, gains and credits out of its use were trust funds, as was the property itself, all to be disposed of pursuant to the provisions of the act. They are not after-acquired property of the debtor, such as new capital, or goods bought through outside sources, or by new credits. If a debtor, at the time of the filing of a petition, were the owner of an interest-bearing bond, or an apartment house, or growing crops, it could hardly be claimed that the trustee would not be entitled to the interest, the net rents, or the harvest, subject to State exemptions, as the case may be. (Remington on Bankruptcy [4th ed. ], §§ 1397, 1401; *Matter of Scranton Knitting Mills, Inc.*, 23 F. Supp. 803; 2 Collier on Bankruptcy [13th ed.], p. 1679.) It is clear that the defendant was knowingly dealing with property, the title to which was held in trust under the control of the court.

No other question is raised.

The order granting defendant's motion for summary judgment and the judgment entered thereon should be reversed on the law, with ten dollars costs and disbursements, and the motion for summary judgment denied, with ten dollars costs.

CARSWELL, JOHNSTON and ADEL, JJ., concur; CLOSE J. not voting.

Order granting defendant's motion for summary judgment and the judgment entered thereon reversed on the law, with ten dollars costs and disbursements, and the motion for summary judgment denied, with ten dollars costs.