American Guild of Musical Artists, Inc., et al., Appellants, Impleaded with Another, *v.* James C. Petrillo, Individually and as President of American Federation of Musicians, et al., Respondents.

Argued June 5, 1941; decided July 29, 1941.

*Louis B. Boudin, Henry Jaffe* and *Sidney Elliott Cohn* for appellants. There is nothing in section 876-a of the Civil Practice Act which requires a dismissal of the complaint or which would stand in the way of plaintiffs obtaining relief in this suit. (*Nevins, Inc.,* v. *Kasmach,* 279 N. Y. 323; *Duplex Printing Press Co.* v. *Deering,* 254 U. S. 443.)

*Samuel Seabury, Henry A. Friedman* and *George Trosk* for respondents. The complaint abounds in conclusions that defendants acted " maliciously " in sending the letter but no facts are alleged to support these conclusions. In determining the sufficiency of the complaint herein, the only question presented is whether or not the sending of the latter was, *per se,* an illegal act. (*Nann* v. *Raimist,* 255 N. Y. 307; *Gerdes* v. *Reynolds,* 281 N. Y. 180; *Knowles* v. *City of New York,* 176 N. Y. 430; *Meisel* v. *Central Trust Co.,* 179 App. Div. 795; 223 N. Y. 589; *Almirall & Co.,* v. *McClement,* 207 App. Div. 320; 239 N. Y. 630; *Goodman Bros., Inc.,* v. *Ashton,* 211 App. Div. 769; *De Jong*

v. *Behrman Co.*, 148 App. Div. 37; *Nillson* v. *Lawrence*, 148 App. Div. 678.) Even if the complaint were otherwise sufficient, it would have to be dismissed because it concerns a " labor dispute " within the meaning of section 876-a of the Civil Practice Act and that section provides that, in such a case, no court shall have jurisdiction to issue an injunction which would restrain persons from ceasing or refusing to perform work, or remaining in any relation of employment, or from advising, urging or inducing, without fraud, violence or threat thereof, others to do so. (*May's Furs & Ready-to-Wear, Inc.*, v. *Bauer*, 282 N. Y. 331; *Milk Wagon Drivers Union* v. *Lake Valley Farm Products, Inc.*, 311 U. S. 91; *Terner* v. *Glickstein & Terner, Inc.*, 283 N. Y. 299.)

LOUGHRAN, J. The plaintiffs are American Guild of Musical Artists, Inc. — a membership corporation — and certain members thereof, including a group of instrumental artists and symphony orchestra conductors. The individual plaintiffs sue for themselves and on behalf of all other members of the corporation similarly situated. The corporation will be called the plaintiff-guild. The defendants are American Federation of Musicians — an unincorporated association — and its president, James C. Petrillo. It will be convenient to refer to them as the defendant-union. The action is one in equity and is here on the pleadings only. The plaintiffs are the appellants. The judgment appealed from dismissed the complaint for insufficiency found to be apparent on the face thereof.

The material allegations of the complaint may be divided into four parts which in sum and substance are these:

. (1) The members of the plaintiff-guild are musical artists in the field of opera and concert. They are a professional class whose interests and problems are unique. With rare exceptions, each of them employs a manager through whom he makes professional engagements. These managers are paid standard commissions negotiated by the plaintiff-guild. Each engagement is made the subject of a separate contract

which fits the repertoire of the artist to the localized requirements of the particular occasion.

(2) The members of the defendant-union are musicians who render service in bands and orchestras for wages pursuant to terms and conditions of employment established by collective bargaining agreements. The defendant-union cannot represent the members of the plaintiff-guild for the purposes of collective bargaining or in any other way act for their mutual business or professional aid or benefit.

(3) In August, 1940, the defendant-union sent to the plaintiff-guild a communication which said in part: "At this time, the American Federation of Musicians desires to make a request that all instrumentalists belonging to your organization, such as Heifetz, Elman, Hoffman, Horowitz and all symphony orchestra conductors resign from your organization and become members of the American Federation of Musicians where they rightfully belong. As you know, the charter of the American Federation of Musicians granted by the American Federation of Labor calls for all instrumentalists to belong to the American Federation of Musicians. From the inception of the American Federation of Musicians, we have not interfered with such artists, and rightfully so, feeling that they were in a position to take care of themselves and were not in competition with members of the American Federation of Musicians. The request that we are making at this time has been brought about by the reason that these instrumentalists saw fit to join a labor union [the plaintiff-guild], and so long as they desire to belong to a labor union, then they rightfully belong to the American Federation of Musicians. * * * This office is notifying all the radio interests, picture studios, symphony orchestra managements, grand opera companies, recording companies, booking agencies, etc., that these people will not be recognized by the American Federation of Musicians and members of the American Federation of Musicians will not be permitted to render any services at any functions in which they may participate unless they become members of the Amer-

ican Federation of Musicians on or before Labor Day, 1940. * * * "

(4) The parties that were so notified by the defendant-union thereupon informed the plaintiff-guild that instrumental artists and symphony orchestra conductors who did not resign from its membership and join the defendant-union on or before September 2, 1940, would not thereafter be permitted to fulfill any professional engagement. These parties include practically all the business organizations operating in the opera and concert field and were the main source of the existing professional engagements of the instrumental artists and symphony orchestra conductors who are members of the plaintiff-guild. No controversy exists herein as to the standards of wages or conditions of employment of members of the defendant-union.

Upon the foregoing allegations, the complaint demands judgment that an injunction issue against the conduct of the defendant-union so complained of, and that the plaintiffs recover damages alleged to have been caused to them thereby. The answer of the defendant-union consists of denials of the material allegations of the complaint. No defense consisting of new matter is set forth therein.

Special Term held that the complaint stated a cause of action. The Appellate Division reversed for reasons stated in its opinion as follows: " If we strip the complaint of the allegations which are clearly conclusions of law, we find no facts set forth to indicate that the plaintiff union is entitled to the relief which it seeks. It has not shown that the defendant maliciously or illegally interfered with the contracts of the members of plaintiff's union. What the defendant is seeking to do, undoubtedly, is to protect itself and to increase its membership. Defendant union is well within its rights in protecting its organization and in not permitting its members to play their instruments with non-members of their organization. * * * We have reached the conclusion, therefore, that the complaint must be dismissed for two reasons: *first*, that the controversy between the parties involves a ' labor dispute ' within the meaning of subdivision 10 of section 876-a of the Civil Practice Act; and

*second,* that it fails to state a cause of action viewed in the light of the law as it stood prior to the enactment of section 876-a." (261 App. Div. 272, 277.) We think this result cannot be sustained.

In *Opera on Tour, Inc.,* v. *Weber* (285 N. Y. 348) this court applied against a labor union the broad doctrine that harm intentionally done is actionable if not justified. (Cf. Pollock on The Law of Torts, [14th ed.] pp. 43–45.) This complaint, therefore, is sufficient as such, unless the purpose of the defendant-union must be presumed to be a lawful labor objective,— an activity having some reasonable connection with wages, hours, health, safety, the right of collective bargaining or some other condition of employment. (*Opera on Tour, Inc.,* v. *Weber, supra.*) But no sign of such a justification reveals itself on the face of the complaint; and even if we should take it upon ourselves to notice all that the briefs for the defendant-union assert as common knowledge, we would not yet be competent to contradict the allegation that no part of the membership of the plaintiff-guild can be represented by the defendant-union in respect of any labor policy.

The averments which impute malice to the defendant-union do not imply more than is elsewhere stated in the complaint. " Malice in common acceptation means ill-will against a person, but in its legal sense it means a wrongful act done intentionally without just cause or excuse." (*Colwell* v. *Tinker,* 169 N. Y. 531, 537.)

Unless the objective of the defendant-union is a lawful one, this controversy is not a " labor dispute " in the sense of section 876-a of the Civil Practice Act. (*Opera on Tour, Inc.,* v. *Weber, supra.*) Hence section 876-a is without application to the case stated in the complaint.

Our conclusion is that the complaint is sufficient on its face.

Perhaps it should be noticed that the cases cited by the Appellate Division were not decided on the pleadings.

The judgment of the Appellate Division should be reversed and the order of Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J. (dissenting). The decision made in this case throws into bold relief the narrowly restrictive interpretation of section 876-a of the Civil Practice Act, which the court adopted in *Opera on Tour, Inc.*, v. *Weber*, and emphasizes the grounds for the contrary view put forth in my dissenting opinion in that case, in which Judge LOUGHRAN concurs. I still do not understand how a statute which expressly provides that in a case " involving or growing out of a labor dispute," acts specified therein, may not be enjoined " on the ground *that the persons engaged therein constitute an unlawful combination or conspiracy* or on any other grounds whatsoever " can be construed in manner which would exclude from the statutory definition of a " labor dispute " any dispute with a labor union unless " the objective of the labor union is a lawful one."

Accepting as I must the construction which the majority of the court has placed upon its earlier decision, I do not attempt to challenge the conclusion that the plaintiff has stated a cause of action for an injunction, if the earlier decision be accepted as binding precedent and authority. For the reasons stated in my dissenting opinion in the earlier case, I felt constrained to find that the injunction " constitutes an intrusion by the court into a field from which it is excluded under the law of the state as formulated in an unbroken line of judicial decisions, by statute of the Legislature, and by the Constitution " (p. 366). For the same reasons I cannot accept the decision there as a precedent for subsequent decisions. I must continue to refuse my sanction to an injunction which I regard as an intrusion by the court into a field from which, in my opinion, it is excluded by statute, by the Constitution of the State of New York and by the Constitution of the United States.

DESMOND, J. (dissenting). I dissent and vote to affirm the judgment of the Appellate Division and dismiss the complaint. This complaint defeats itself, since it asserts the existence of a labor dispute within the definition of section 876-a of the Civil Practice Act, and then demands

such an injunction as is forbidden by that statute in such situations.

FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur with LOUGHRAN, J.; LEHMAN, Ch. J., dissents in opinion; DESMOND, J., dissents in separate memorandum.

Judgment accordingly.