George A. Langan, as Trustee in Bankruptcy of Onondaga Litholite Company, Appellant, *v.* First Trust & Deposit Company et al, Respondents.

Argued November 21, 1944; decided December 30, 1944.

*Laurence Sovik* for appellant.   I. This being a motion for nonsuit and a dismissal of the complaint at the close of plaintiff's evidence, such evidence as plaintiff submitted must be taken as true and construed in a light most favorable to plaintiff. (*Volosko* v. *Interurban St. Ry. Co.*, 190 N. Y. 206; *McNally* v. *P. Ins. Co.*, 137 N. Y. 389; *Kraus* v. *Birnbaum*, 200 N. Y. 130; *Dillon* v. *Cortland Baking Co.*, 224 App. Div. 303.)   II. Plaintiff sustained the burden of proof of every allegation contained in his complaint.   (*Volosko* v. *Interurban St. Ry. Co.*, 190 N. Y. 206; *In re Brown*, 118 F. 2d 198; *Matter of Leterman* v. *Pink*, 249 App. Div. 164.)   III. The defense that defendants were not " de jure " directors and officers is insufficient.   (*Donnelly* v. *Pancoast*, 15 App. Div. 323; *Halpin* v. *Mutual Brewing Co.*, 20 App. Div. 583; *Cameron et al.*, v. *Seaman et al.*, 69 N. Y. 396; *Matter of Ringler & Co.*, 204 N. Y. 30; *Michelson et al.*, v. *Penny et al.*, 135 F. 2d 409.)

*H. Duane Bruce* and *Joseph P. Rogers* for First Trust & Deposit Company and others, respondents.   The nonsuits were properly granted for the reasons that there was no basis shown for liability under Debtor and Creditor Law and no basis shown for liability under section 15 of Stock Corporation Law. (*Jefferson County Bank* v. *Townley*, 159 N. Y. 490; *Lopez* v. *Campbell*, 163 N. Y. 340; *Merriam* v. *Wimpfheimer*, 25 F. Supp. 405; *Irving Trust Co.* v. *Metro-Goldwyn-Mayer Corp.*, 246 App. Div. 1; *Varnum* v. *Hart et al.*, 119 N. Y. 101; *Roffe* v. *Yerington Realty & Building Co., Inc.*, 260 App. Div. 4; *Royal Indemnity Co.* v. *Ginsberg,* 157 Misc. 507; *Doti* v. *Henderson*, 107 Misc. 533; *Duell* v. *Brewer*, 92 F. 2d 59.)

*James R. Skahen* and *Lawson Barnes* for Domark Corporation, respondent.   I. Respondent Domark Corporation acted in good faith.   (*Fraw Realty Co.* v. *Natanson*, 261 N. Y. 396; *Balcomb* v. *Old Nat. Bank*, 201 F. 679; *The President, etc.*, v. *Cornen*, 37 N. Y. 320; *Parker* v. *Conner*, 93 N. Y. 118; *Meyer* v. *Mayo*, 196 App. Div. 78; *Lent* v. *Shear*, 160 N. Y. 462.)

II. Appellant has failed to make out a prima facie case under any theory of his complaint. (*Morris et al.* v. *Talcott,* 96 N. Y. 100; *Daluny* v. *Rezinas,* 183 App. Div. 456, 229 N. Y. 513; *Beardsley* v. *Kilmer,* 236 N. Y. 80; *Lopez* v. *Campbell,* 163 N. Y. 340; *Central Hanover Bank & Trust Co.* v. *United Traction Co.,* 95 F. 2d 50; *Del Valle* v. *Hyland,* 76 Hun 493, 148 N. Y. 751; *Dorff* v. *Bornstein,* 277 N. Y. 236; *Varnum* v. *Hart et al.,* 119 N. Y. 101; *Harpending* v. *Munson,* 91 N. Y. 650; *Royal Indemnity Co.* v. *Ginsberg,* 157 Misc. 507; *Merriam* v. *Wimpfheimer,* 25 F. Supp. 405.)

LOUGHRAN, J.  For convenience, we abbreviate two corporate names appearing in the record: Onondaga Litholite Company — whose trustee in bankruptcy is the plaintiff — will be called the Company; and the defendant First Trust and Deposit Company will be called the Bank.

Assets that once belonged to the Company are now in the ownership of the defendant Domark Corporation — a concern which was organized and has always been controlled by the Bank.  The complaint charges that the acquisition of those assets by Domark Corporation was brought about through a violation of the rights of creditors of the Company who are now represented by the plaintiff as trustee.  Each of the individual defendants who are parties to this appeal was either a director or a member of the executive committee of the Company at the times in issue (or so the trial court assumed) and several of them were then ranking officers of the Bank.

On the trial, the complaint was dismissed at the close of the plaintiff's case.  The Appellate Division affirmed by a divided vote.  On this appeal by the plaintiff, the nonsuit requires us to take the evidence in that aspect of it which is most favorable to him. (*Hoykendorf* v. *Bradley Contracting Co.,* 227 N. Y. 204, 207.)

In 1924, the Company made a mortgage indenture to secure a bond issue of $250,000 and thereby created a first lien upon its plant and equipment.  In 1934, all but $100 of that bond issue had been bought up by the Bank.  Subsequently the Bank made large loans to the Company.  In 1938, when such loans amounted to $625,084.93, and the Company was insolvent, the management of its affairs was taken over by the Bank.  Soon

after this the Company canceled its contracts and closed its plant, at the behest of the Bank. A little later, the Bank made written demand upon the proper party for a foreclosure of the mortgage that was a first lien on the Company's plant and equipment. On the institution of the foreclosure suit, the bonds secured by the mortgage were transferred to the defendant Domark Corporation by the Bank. Domark Corporation was a " vehicle " for the Bank and nothing more. The mortgage indebtedness and other charges under the mortgage indenture came to $38,494. The mortgaged property was bid in by Domark Corporation for $25,000.

Expert witnesses for the plaintiff placed upon the property a market value of $269,941. They were not cross-examined.

The trial court said: " Concededly, the actual value of the property, if marketable, was considerably greater than the mortgage debt with added charges, and to the extent of the excess the unsecured creditors suffered." In the judgment of the trial court, however, the property had no more than a liquidation value after the Company's plant had been shut down — an event which preceded the foreclosure sale. For that reason, the plaintiff's proof of market value was disregarded. This handling of the case failed, we think, to give due effect to the rule that the plaintiff was entitled to the benefit of every inference advantageous to him for which there was allowable warrant in the evidence.

From the plaintiff's viewpoint, any depreciation of the property that arose on the closing of the Company's plant was not significant in the determination of the adequacy of the bid. For his purpose, the important fact in that respect was the demand by the Bank for a cessation of the Company's operations. The real inquiry, then, is whether the sum total of the plaintiff's proof is sufficient on the face of it to justify a man of ordinary reason and fairness in affirming the charges made against the defendants. In our judgment, the evidence (when so regarded) affords room for an inference of actual intent of the defendants to hinder the unsecured creditors of the Company in the realization of their respective claims, and also gives countenance to an inference of consequent prejudice to such claimants through the Bank's acquisition of the Company's property at a minor fraction of its market value. Hence, as we conclude, the plaintiff should not have been dismissed

for a failure of proof, seeing that harm intentionally done is actionable if not justified. (*American Guild of Musical Artists* v. *Petrillo,* 286 N. Y. 226, 231; *Keviczky* v. *Lorber,* 290 N. Y. 297.) In saying this, we have, of course, no thought of suggesting what the eventual disposition of the controversy should be. If the acts of the defendants were no more than an honest defense of their own business interest, then this litigation cannot be maintained. All we now decide is that such a justification cannot here be claimed consistently with the above definition of the meaning of a nonsuit.

The record fails to supply a sufficient basis for decision of the asserted invalidity of the election of certain of the individual defendants as directors of the Company.

The judgments should be reversed and a new trial granted, with costs to abide the event.

RIPPEY, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., and THACHER, J., dissent on the ground that there is no evidence from which any inference can be drawn that the defendants were not acting in honest defense of their own business interest; LEWIS, J., taking no part.

Judgments reversed, etc.