Per Curiam.

The gravamen of the complaint against .the defendants-appellants Blockfront Realty Corp. (hereinafter called “ Blockfront ”) and Cunningham is wrongful interference with the plaintiffs ’ rights as over-landlords of certain business property occupied by numerous subtenants. The property had been demised by the plaintiffs’ predecessor in title under a long term lease subsequently acquired by the defendant Melville Shoe Corporation (hereinafter called “ Melville ”) and expiring on January 1, 1946, with a right of renewal in the tenant. The option to renew was not exercised by Melville, which was obligated to surrender possession on expiration of the term. Meanwhile, and on September 28, 1945, Melville executed and delivered to Blockfront an intermediate sublease of the entire premises for a period ending December 31, 1945, and made an assignment of the existing subleases.
It is alleged that Blockfront was formed by Cunningham for the purpose of obtaining such intermediate sublease from Melville and an assignment of the latter’s interest in the subleases with the occupants of the building. The complaint essentially charges that the defendants-appellants acted with the wrongful intent or purpose of continuing Blockfront in possession as a statutory tenant under the emergency rent laws, although it *119 physically occupied no part of the premises. This alleged plan or scheme was thwarted by the subtenant WMCA, Inc., in commencing an action for a declaratory judgment and an injunction that resulted in the ousting of Blockfront at the expiration of its term on December 31,1945, without loss of rent to the plaintiffs. (See WMCA, Inc., v. Blockfront Realty Corp., 272 App. Div. 800.) The pleading, therefore, establishes that there was no damage from any breach of the surrender covenant of the lease by Blockfront. In fact, the plaintiffs claim no such damage.
The question remains as to whether the complaint sets forth a cause of action for malicious injury or interference with the contractual and property rights of the plaintiffs. The Special Term sustained the complaint on this score in reliance on such authorities as Beardsley v. Kilmer (236 N. Y. 80); Opera on Tour, Inc., v. Weber (285 N. Y. 348); American Guild of Musical Artists v. Petrillo (286 N. Y. 226); Advance Music Corp. v. American Tobacco Co. (296 N. Y. 79). We fail to see, however, that the principles enunciated in these cases help the plaintiffs, or that any cause of action is sufficiently pleaded. Blockfront as the holder of a lawful estate or interest in the property was not in the position of one acting with ‘ ‘ disinterested malevolence ’ ’ and injuring another. In any event no facts are alleged to show any malicious purpose or injury resulting in damage. The steps alleged to have been taken by Blockfront in connection with renewals of their subleases by the various occupants of the building were undoubtedly motivated by an attempt to benefit itself by procuring a profit from its tenancy. It is difficult to see how the acts of a person with such an interest and asserting alleged legal rights could be deemed wanton. At least the complaint is lacking in the necessary averments to show such wantonness. Blockfront may have unjustifiably asserted rights flowing from its lease with Melville or under the emergency rent laws, but it did not succeed in retaining possession under such claim.
The order appealed from should be reversed, with $20 costs and disbursements to defendants-appellants, and the motion to dismiss the complaint herein granted as to them.
Peck, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the defendants-appellants and the motion to dismiss the complaint as to said defendants-appellants granted.