**In re SULLIVAN.**

No. 40764.

United States District Court,
N. D. California, S. D.

June 15, 1953.

James M. Conners, San Francisco, Cal., for trustee.

Dennis L. Woodman, Redwood City, Cal., for bankrupt.

 

HARRIS, District Judge.

Petitioner, trustee in bankruptcy, seeks relief from the referee's order dismissing the petition for lack of jurisdiction.

The facts are as follows: On May 13, 1952, the bankrupt, doing business as a plumbing and heating contractor, filed a petition under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., submitting a plan of arrangement for his creditors. The plan was not accepted. On June 12, 1952, the debtor was adjudicated a bankrupt.

Petitioner, appointed trustee of the bankrupt estate, instituted proceedings against Dennis L. Woodman, attorney for the bankrupt, who holds approximately $2,600 in trust for the bankrupt. The bankrupt acquired such money by reason of contracts entered into in the normal course of business during the thirty-day period ending June 12, 1952. He used the facilities and assets of the business in obtaining and in performing the contracts. Respondent admits no interest in the fund.

The trustee in bankruptcy, in an order to show cause, asked the Court to direct respondent to turn over the $2,600 to the trustee. This, respondent refused to do, relying on In re California Paving Company, D. C., 95 F.Supp. 909, affirmed in California Paving Company v. Smith, 9 Cir., 193 F.2d 647, certiorari denied 343 U.S. 957, 72 S.Ct. 1052, 96 L.Ed. 1357.

The case of In re California Paving Company, supra, is distinguishable on its facts. In that case an adverse claim to the disputed property—a leasehold interest— gave rise to a controversy which could be passed upon only by plenary suit. Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L. Ed. 97.

The rationale of the California paving case is as follows:

If property is in the actual or constructive possession of the court, or if property is held by an adverse party under a claim which is no more than colorable, summary jurisdiction exists. In the case at bar, respondent is not asserting an adverse claim which is more than colorable. He is contending that the assets acquired by the bankrupt subsequent to May 13, 1952, are not available to creditors through the trustee in bankruptcy.[1]

Weiss v. Fleetwood Bank, 261 App.Div. 272, 26 N.Y.S.2d 583, 48 Am.Bankr.R., N. S., 494, holds that the trustee in bankruptcy is entitled to gains realized by the bankrupt during an interim period between the filing of an arrangement and the adjudication in bankruptcy. While the debtor may be permitted to remain in possession of his property during such period, the title of the debtor is the title of a trustee.

The referee in bankruptcy may determine, in a summary proceeding, whether the $2,600 or any part thereof, should be made available to the trustee in bankruptcy.

Accordingly, It Is Ordered that the order of the referee dismissing the petition of the trustee be, and the same hereby is, set aside and that the matter be, and the same hereby is, remanded for proceedings consistent with this order.

---

1. Respondent asserts that the sums earned were gained principally through the personal efforts of the bankrupt. Machinery, tools and equipment played only a minor role.