■ FLAGLER HOTEL OPERATING CO. INC., Respondent, v. PETER STARR, Individually and as President of Hotel & Restaurant Employees & Bartenders International Union, Local 666, A. F. of L.-C. I. O., et al., Appellants.— Appeal from an order of the Supreme Court, Special Term, Sullivan County, which (1) granted plaintiff's motion for a temporary injunction restraining the picketing of plaintiff's hotel premises and (2) denied defendants' cross motion to dismiss the complaint. Plaintiff, a hotel operator, brings action against the defendants, individually and as officers of an unincorporated labor union, for a permanent injunction restraining certain picketing. Defendants' motion to dismiss was for insufficiency, upon the ground that it appears from the complaint that a labor dispute is involved and that the complaint does not comply with section 876-a of the Civil Practice Act. The moving affidavit made by one of plaintiff's officers concedes that the complaint was not drawn to comply with that section and states, as the reason, that no labor dispute is involved. The complaint alleges, in substance, that defendants conspired, and formed the deliberate design and purpose of injuring plaintiff, its business and

property, and to coerce plaintiff into compelling its employees to join the defendant union and thereby have the defendant union designated as such employees' bargaining agent; that the union does not represent any of the employees and has not been certified as their collective bargaining agent; that defendants maintain a picket line in front of plaintiff's hotel premises for the unlawful purpose of coercing plaintiff into recognizing the defendant as bargaining agent, knowing that such picketing will irreparably damage plaintiff in the various respects particularly alleged. The complaint further alleges that for plaintiff to comply with defendants' demands would be unlawful under the laws of the State of New York; that by reason thereof defendants' objective is not a lawful labor objective but is designed to interfere with the right of free expression of the employees to select their bargaining agent; that there is no dispute or difference between plaintiff and its employees now or heretofore existing; and that the defendants have stated that "they intend to continue such course of conduct which is unlawful, until the business of the plaintiff is ruined or the plaintiff does its bidding". If coercion for the purposes alleged can be proved, it is unlawful and can be enjoined. As was held in *Goodwins, Inc.,* v. *Hagedorn* (303 N. Y. 300, 305) "Section 876-a of the New York Civil Practice Act does not bar injunctive relief in a case where * * * no lawful labor objective is sought by the defendant union (American Guild of Musical Artists v. Petrillo, 286 N. Y. 226, 231; see Florsheim Shoe Store Co. v. Shoe Salesmen's Union, 288 N. Y. 188)." In our view, the complaint is sufficient and the motion to dismiss was properly denied. The appeal from that part of the order which granted a temporary injunction presents a different problem, however. While the papers before the Special Term were sufficient to warrant the order, the proof as to the existence of a labor dispute is in such sharp conflict as to require that the question be promptly determined by a trial of the issues. The temporary order was granted August 1, 1956, and the case has not yet been tried. It was an order intended to be operative temporarily in an emergency, and specifically "until further order of the court". Its further continuance should be conditioned upon the prompt trial of the action. The order is modified to provide that its injunctive provisions shall terminate on February 1, 1957 unless plaintiff applies at the opening of the January, 1957 Trial Term in Sullivan County for a preference in pursuance of subdivision 3 of rule 151 of the Rules of Civil Practice; and unless the plaintiff is ready to proceed to trial at a time fixed by the Justice presiding at such Trial Term; and as thus modified the order is affirmed, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur. [See *post,* p. 685.]