No. 23,573.

THE STATE OF KANSAS, ex rel. RICHARD J. HOPKINS, as Attorney-general, et al., *Appellee*, v. ALEXANDER HOWAT et al., *Appellants*.

SYLLABUS BY THE COURT.

CONSTITUTIONAL LAW—*Statute Creating Court of Industrial Relations Is Valid.* No question save the constitutionality of the industrial court act (Laws 1920, ch. 29) being presented by the defendants, the judgment is affirmed, following *The State, ex rel., v. Howat*, ante, p. 376, 198 Pac. 686, and *Court of Industrial Relations v. Packing Co.*, ante, p. 629, 201 Pac. 418.

Appeal from Crawford district court, division No. 1; ANDREW J. CURRAN, judge. Opinion filed November 12, 1921. Affirmed.

*Redmond S. Brennan,* and *H. C. Doyle,* both of Kansas City, Mo., for the appellants.

*Richard J. Hopkins,* attorney-general, *John G. Egan,* assistant attorney-general, *Baxter D. McClain,* attorney Court of Industrial Relations, and *C. A. Burnett,* county attorney, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendants appeal from a judgment of conviction finding them guilty of violating an order issued by the district court of Crawford county enjoining them from calling a strike in any of the coal mines of that county. The answer in the court below contained fourteen divisions, seventeen subdivisions, and five divisions of one of the subdivisions. Here, however, the defense presents but one question—the constitutionality of the statute under which the conviction was had—chapter 29, Laws of Special Session of 1920—creating the

court of industrial relations. The closing sentence of their brief states: "We are submitting in this case but one proposition, believing it to be the big underlying question in this case." Reference in another part of their brief is made to the question of wages. That question is in no wise involved here and need not be discussed. That matter, however, was treated in the Packing Company case to which reference is made.

The constitutionality of the industrial court act was exhaustively considered in *The State, ex rel., v. Howat,* ante, p. 376, 198 Pac. 686, and certain specific features were considered with equal care in *Court of Industrial Relations v. Packing Co.,* ante, p. 629, 201 Pac. 418, and with these decisions we are entirely content, for the reasons therein set forth.

No claim or intimation is brought forward that the evidence was not abundantly sufficient to warrant the judgment—merely that the act is void. The statute now again assailed grew out of an emergency condition, and was framed and passed to cover emergencies and prevent their recurrence. This was made plain in the Packing Company decision and no occasion arises now to reiterate anything heretofore said by this court touching the validity of the act.

The judgment is therefore affirmed.