## DORCHY *v.* KANSAS.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 119. Argued October 7, 1926.—Decided October 25, 1926.

1. A decision by a state supreme court as to the separability of parts of a state statute from other parts found invalid by this Court, is binding on this Court. P. 308.
2. Upon review of a state court's judgment, facts not in the record and not noticed judicially, can not be considered. P. 311.
3. Mere reference, by the state supreme court, to another case as a controlling decision, did not incorporate the record of that case into the record of the one in which the reference was made. *Id.*
4. There is no constitutional right to call a strike solely for the purpose of coercing the employer to pay a disputed stale claim of a former employee, a member of the union. P. 311.

5. As applied to such a case, § 17 of the Kansas Industrial Relations Act, making it unlawful " to induce others to quit their employment for the purpose and with the intent to hinder, delay, limit or suspend the operation " of mining, and § 19, making it a felony for an officer of a labor union wilfully to use the power or influence incident to his office to induce another person to violate. § 17, are within the power of the State and do not deny the liberty guaranteed by the Fourteenth Amendment. P. 309.

6. Neither the common law nor the Fourteenth Amendment confers the absolute right to strike. P. 311.

116 Kan. 412, affirmed.

ERROR to a judgment of the Supreme Court of Kansas which affirmed sentence imposed on Dorchy under § 19 of the Kansas Industrial Relations Act, for using his influence as a labor union official to induce a strike, in violation of §. 17. See S. C., 264 U. S. 286.

*Mr. John F. McCarron,* with whom *Messrs. Redmond S. Brennan* and *Phil H. Callery* were on the brief, for the plaintiff in error.

*Messrs. John G. Egan* and *Chester I. Long,* with whom *Messrs. Charles B. Griffith,* Attorney General of Kansas, *Austin M. Cowan,* and *William E. Stanley* were on the brief, for the State of Kansas.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Section 17 of the Court of Industrial Relations Act, Laws of Kansas, 1920, Special Session, c. 29, while reserving to the individual employee the right to quit his employment at any time, makes it unlawful to conspire " to induce others to quit their employment for the purpose and with the intent to hinder, delay, limit or suspend the operation of " mining. Section 19 makes it a felony for an officer of a labor union wilfully to use the power or influence incident to his office to induce another person to violate any provision of the Act.

Dorchy was prosecuted criminally for violating § 19. The jury found him guilty through inducing a violation of § 17; the trial court sentenced him to fine and imprisonment; and its judgment was affirmed by the Supreme Court of the State, *Kansas* v. *Howat,* 112 Kan. 235. Dorchy duly claimed in both state courts that § 19 as applied was void because it prohibits strikes; and that to do so is a denial of the liberty guaranteed by the Fourteenth Amendment. Because this claim was denied the case is here under § 237 of the Judicial Code as amended.

This is the second writ of error. When the case was first presented, it appeared that after entry of the judgment below certain provisions of the Act had been held invalid by this Court in *Charles Wolff Packing Co.* v. *Court of Industrial Relations,* 262 U. S. 522. The question suggested itself whether § 19 had not necessarily fallen, as a part of the system of so-called compulsory arbitration, so that there might be no occasion to consider the constitutional objection made specifically to it. That question, being one of statutory interpretation which had not been passed upon by the state court, the case was reversed without costs, and remanded for further proceedings not inconsistent with the opinion of this Court. *Dorchy* v. *Kansas,* 264 U. S. 286. Thereupon, the Supreme Court of Kansas decided that § 19 is so far severable from the general scheme of legislation held invalid that it may stand alone with the legal effect of an independent statute; and it reaffirmed the judgment of the trial court. *Kansas* v. *Howat,* 116 Kan. 412. By the construction thus given to the statute we are bound. The only question open upon this second writ of error is whether the statute as so construed and applied is constitutional.

The state court did not, in either of its opinions, mention the specific objection to the validity of § 19 now

urged. In the second, it discussed only the question of statutory construction. In the first, it stated merely that the case is controlled by *State* v. *Howat,* 109 Kan. 376; *Court of Industrial Relations* v. *Charles Wolff Packing Co.,* 109 Kan. 629, and *State* v. *Howat,* 109 Kan. 779. In these cases, which came to this Court for review in *Howat* v. *Kansas,* 258 U. S. 181 and *Charles Wolff Packing Co.* v. *Court of Industrial Relations,* 262 U. S. 522; 267 U. S. 552, there was no occasion to consider the precise claim now urged—the invalidity of § 19 when treated as an independent statute. Nor was this question referred to, in any way. But the claims made by Dorchy below properly raised it; and, as the judgment entered involves a denial of the claim, we must pass upon it. The question requiring decision is not, however, the broad one whether the legislature has power to prohibit strikes. It is whether the prohibition of § 19 is unconstitutional as here applied. *Dahnke-Walker Milling Co.* v. *Bondurant,* 257 U. S. 282, 289. The special facts out of which the strike arose must, therefore, be considered.

Some years prior to February 3, 1921, the George H. Mackie Fuel Company had operated a coal mine in Kansas. Its employees were members of District No. 14, United Mine Workers of America. On that day, Howat, as president, and Dorchy, as vice-president of the union, purporting to act under direction of its executive board, called a strike. So far as appears, there was no trade dispute. There had been no controversy between the company and the union over wages, hours or conditions of labor; over discipline or the discharge of an employee; concerning the observance of rules; or over the employment of non-union labor. Nor was the strike ordered as a sympathetic one in aid of others engaged in any such controversy. The order was made and the strike was called to compel the company to pay a claim of one Mishmash for $180. The men were told this; and they

were instructed not to return to work until they should be duly advised that the claim had been paid. The strike order asserted that the claim had "been settled by the Joint Board of Miners and Operators but [that] the company refuses . . . to pay Brother Mishmash any part of the money that is due him." There was, however, no evidence that the claim had been submitted to arbitration, nor of any contract requiring that it should be. The claim was disputed. It had been pending nearly two years. So far as appears, Mishmash was not in the company's employ at the time of the strike order. The men went out in obedience to the strike order; and they did not return to work until after the claim was paid, pursuant to an order of the Court of Industrial Relations. While the men were out on strike this criminal proceeding was begun.

Besides these facts, which appear by the bill of exceptions, the State presents for our consideration further facts which appear by the record in *Howat* v. *Kansas*, 109 Kan. 376; 258 U. S. 181, one of the cases referred to by the Supreme Court of Kansas in its first opinion in the case at bar. These show that Dorchy called this strike in violation of an injunction issued by the State court; and that the particular controversy with Mishmash arose in this way. Under the contract between the company and the union, the rate of pay for employees under 19 was $3.65 a day and for those over 19 the rate was $5. Mishmash had been paid at the lower rate from August 31, 1917, to March 22, 1918, without protest. On that day he first demanded pay at the higher rate, and claimed back pay from August 31, 1917, at the higher rate. His contention was that he had been born August 31, 1898. The company paid him, currently, at the higher rate beginning April 1, 1918. It refused him the back pay, on the ground that he was in fact less than nineteen years old. One entry in the Mishmash family Bible gave

August 31, 1898, as the date of his birth, another August 31, 1899. Hence the dispute. These additional facts were not put in evidence in the case at bar. *Howat* v. *Kansas,* 109 Kan. 376, was a wholly independent proceeding. Mere reference to it by the court as a controlling decision did not incorporate its record into that of the case at bar. See *Pacific R. R. Co.* v. *Missouri Pacific Ry. Co.,* 111 U. S. 505, 517–8. And it does not appear that the court treated these facts as matters of which it took judicial notice. We must dispose of the case upon the facts set forth in the bill of exceptions.

The right to carry on business—be it called liberty or property—has value. To interfere with this right without just cause is unlawful. The fact that the injury was inflicted by a strike is sometimes a justification. But a strike may be illegal because of its purpose, however orderly the manner in which it is conducted. To collect a stale claim due to a fellow member of the union who was formerly employed in the business is not a permissible purpose. In the absence of a valid agreement to the contrary, each party to a disputed claim may insist that it be determined only by a court. Compare *Guaranty Trust Co.* v. *Green Cove R. R.,* 139 U. S. 137, 143; *Red Cross Line* v. *Atlantic Fruit Co.,* 264 U. S. 109. To enforce payment by a strike is clearly coercion. The legislature may make such action punishable criminally, as extortion or otherwise. Compare *People* v. *Barondess,* 16 N. Y. Supp. 436; 133 N. Y. 649. And it may subject to punishment him who uses the power or influence incident to his office in a union to order the strike. Neither the common law, nor the Fourteenth Amendment, confers the absolute right to strike. Compare *Aikens* v. *Wisconsin,* 195 U. S. 194, 204–5.

*Affirmed.*