ROCHETTE & PARZINI CORP., Appellant, *v.* JOSEPH CAMPO, Individually and as President of Architectural Sculptors' and Carvers' Association, et al., Respondents.

Argued May 22, 1950; decided July 11, 1950.

*Sidney O. Raphael, Francis X. Conlon* and *Herbert Lasky* for appellant. I. The concerted action of defendant and its members was part of a conspiracy to boycott and blacklist plaintiff. (*American Guild of Musical Artists* v. *Petrillo,* 286 N. Y. 226; *James* v. *Marinship,* 25 Cal. 2d 721; *Wilson* v. *Newspaper & Mail Deliveries Union,* 123 N. J. Eq. 347; *Shimsky* v. *O'Neil,* 232 Mass. 99; *Williams* v. *International Brotherhood of Boilermakers,* 27 Cal. 2d 586; *Dorchy* v. *Kansas,* 272 U. S. 306; *Stuhmer & Co.* v. *Korman,* 241 App. Div. 702, 265 N. Y. 481; *Beardsley* v. *Kilmer,* 236 N. Y. 80.) II. The evidence amply sustains the lower court's decree. III. There is no labor dispute. (*Mayer Bros. Poultry Farms* v. *Meltzer,* 274 App. Div. 169; *Nash* v. *Mennan,* 275 App. Div. 674; *Dinny & Robbins, Inc.,* v.

*Davis,* 290 N. Y. 101, 319 U. S. 774; *Busch Jewelry Co.* v. *United Retail Employees' Union,* 281 N. Y. 150.)

*Herbert S. Thatcher* and *Arthur R. Hohmann* for respondents. I. Under the facts there has been no violation by defendant union of section 340 of the General Business Law. (*Hunt* v. *Crumboch,* 325 U. S. 821; *People* v. *Gassman,* 295 N. Y. 254; *Bradley Co.* v. *Local Union No. 3,* 325 U. S. 797; *American Fur Manufacturers' Assn.* v. *Association Fur Coat & Trimming Manufacturers,* 161 Misc. 246, 251 App. Div. 708; *Lucomsky* v. *Palmer,* 141 Misc. 278.) II. Refusal to supply plaintiff with union labor and informing third parties of plaintiff's nonunion status, was not arbitrary. (*Interborough R. T. Co.* v. *Lavin,* 247 N. Y. 65; *J. H. & S. Theatres* v. *Fay,* 260 N. Y. 315; *Williams* v. *Quill,* 277 N. Y. 1.)

LOUGHRAN, Ch. J. The action is one for an injunction. The defendant union is a voluntary unincorporated association. It is sued in the name of its president pursuant to section 13 of the General Associations Law and is now the only party defendant. The plaintiff, a domestic corporation, is the appellant here. No "labor dispute" is involved. (See *Opera on Tour, Inc.,* v. *Weber,* 285 N. Y. 348, 357.) For the sake of clarity we divide the case into two branches.

(1) The defendant union controls within the metropolitan area of greater New York the supply of union labor that performs exterior work on all types of stone except granite. There was a time when the defendant union accorded collective bargaining rights to the plaintiff, a contractor engaged in the sculpture of stone. But since 1946 all attempts of the plaintiff to enter into a collective bargaining agreement with the defendant union have been rebuffed. The facts just stated are admitted in the pleadings.

At Special Term the court made a decision which in its memorandum opinion is summarized as follows:

"The evidence shows that the defendant union is comprised of approximately thirty to thirty-five members, which constitute all of the available manpower in the entire industry, and enjoys a monopoly in the supply of labor in the metropolitan area.

" Defendant's refusal to furnish labor or manpower to plaintiff is based on its own defined contention that the prices were getting too cheap in the industry and that the defendant union would refuse to furnish labor to subcontractors, and [the defendant union] classified plaintiff as subcontractor, in direct contradiction to the evidence as furnished by plaintiff   *   *   *.

" Plaintiff has sustained the burden of proof in establishing its case and the defendant offered no evidence to controvert any of the plaintiff's testimony, and from the evidence it is clear that the acts of defendant constituted a violation of section 340 of the General Business Law and that plaintiff is entitled to the relief sought in the complaint ".

Accordingly the injunction prayed for — a prohibition against interference by the defendant with the business of the plaintiff — was granted. On appeal by the defendant, however, the judgment was reversed on the law and the facts and the complaint dismissed by the Appellate Division. From that judgment of reversal and dismissal, the plaintiff appealed to us.

The above findings of Special Term can have no legal effect. For the antimonopoly provisions of section 340 of the General Business Law are by that section made wholly inapplicable to the formation or activities of a bona fide labor union (*People* v. *Gassman*, 295 N. Y. 254). Here the thirty or thirty-five members of the defendant union are charged by the above findings of the Special Term with nothing more than a refusal to work for the plaintiff. This choice was of course only an exercise by them of a legal right and, that being so, no cause of action against the defendant union arose therefrom. Thus the conclusion at which the Special Term arrived on the strength of the above findings — the conclusion that the defendant union enjoyed a monopoly in supplying labor contrary to section 340 of the General Business Law — was wholly inadmissible in point of law; and, we take it, the Appellate Division so held, since that court cited *Hunt* v. *Crumboch* (325 U. S. 821).

(2)   We pass now to the second branch of the case. Special Term also found: (a)   The defendant union " coerced workers, who are not affiliated with the defendant union but affiliated with other unions who are in turn affiliated with the American Federation of Labor, to refuse to work for the plaintiff and attempted to blacklist such employees who purported to work for the plaintiff   *   *   *   and that as a result of such threats and coercion

such employees desisted from working for the plaintiff  \*  \*  \*.''
(b)  The  defendant  union  '' circulated  statements  \*  \*  \*
that the plaintiff is a non-union stone carving contractor and is
incapable of performing any contracts  \*  \*  \*  because of its
inability to receive any men or execute any agreement involving
stone carving.''

The above findings (a) and (b) impute to the defendant union
a course of conduct that was calculated to destroy the plaintiff's
business.  The right of the plaintiff to carry on that business
was a thing of value.  If the defendant union interfered with that
right without just cause its action was unlawful (*Dorchy* v.
*Kansas,* 272 U. S. 306, 311).

Nevertheless, though findings (a) and (b), in our judgment,
have a degree of support in the record, we cannot now direct
judgment in accordance therewith.  For the order entered herein
by the Appellate Division — while it declares a reversal of the
judgment of Special Term upon the law and the facts — fails to
specify the findings of fact that were reversed or modified or to
make any new findings.  In that state of the record, we must
presume that the Appellate Division did not pass upon the
questions of fact involved and, that being so, we are in no posi-
tion to dispose finally of this second branch of the controversy
(Civ. Prac. Act, § 602).

The judgment of the Appellate Division should be reversed,
without costs, and the action remitted to that court for such dis-
position of the questions of fact as it may deem necessary or ap-
propriate.

DESMOND, J. (dissenting).  I agree with the Chief Judge
that the first group of Special Term findings (set out in the first
three paragraphs of the Chief Judge's opinion) cannot possibly
be a basis for any judgment against this union.  But I think that
the second group of findings, as to alleged coercion, blacklisting
and false statements about plaintiff, are equally ineffectual as
such a basis.  Against the background of the testimony here,
those findings can mean no more than that the union, having for
a lawful reason refused to supply stone carvers to plaintiff,
made that fact known to other contractors and to other unions,
and told its own members that they would cease to be members
if they should take employment with plaintiff.  (If the findings
mean more than that, they are not supported by evidence.)

Wise or unwise, just or unjust, this was legitimate union activity, under all the authorities (*People* v. *Gassman,* 295 N. Y. 254; *Hunt* v. *Crumboch,* 325 U. S. 821; Civ. Prac. Act., § 876-a; General Business Law, § 340). Defendant Campo, called as plaintiff's witness, testified without contradiction that the union had passed a resolution that its members would " ' work for any builder, all cut stone contractors, all sculptors that are commissioned by the owners or the architects ' " but would not " ' work for any sub-contractors ' " and that the union, on the information it had, considered plaintiff to be a subcontractor. There is no evidence and no finding that the union's refusal to do business with plaintiff was for any other cause, or that the union was interfering with plaintiff's rights, maliciously, or without cause or for evil purposes. Thus, the record establishes that that union's concerted activity was reasonably related to its legitimate interests, and so was lawful (see 4 Restatement, Torts, pp. 49, 57, 60, 62, 63, 97, 121, 122 *et seq.,* cited in appellant's brief here; see, also, *Dorchy* v. *Kansas,* 272 U. S. 306; *Opera-on-Tour, Inc.,* v. *Weber,* 285 N. Y. 348; *American Guild* v. *Petrillo,* 286 N. Y. 226, 231).

The judgment should be affirmed, with costs.

LEWIS, CONWAY, DYE and FULD, JJ., concur with LOUGHRAN, Ch. J.; DESMOND, J., dissents in opinion in which FROESSEL, J., concurs.

Judgment reversed, etc.