FRANK SIMON AND ASSOCIATED MASTER BARBERS OF NEW JERSEY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS, v. JOURNEYMEN BARBERS, HAIRDRESSERS, COSMETOLOGISTS AND PROPRIETORS INTERNATIONAL UNION OF AMERICA, LOCAL NO. 315, AND BRUNO J. SORIANO AND LOUIS D'AGOSTINO, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided July 29, 1952.

67

*Mr. John J. Clancy*, attorney for plaintiffs.

*Messrs. Rothbard, Harris & Oxfeld (Mr. Samuel L. Rothbard* appearing), attorneys for defendants.

STEIN, J. S. C. This is an action for an injunction to restrain the defendants from picketing the barber shop of the plaintiff Simon and the shops of other members of the plaintiff Associated Master Barbers of New Jersey.

Plaintiff Frank Simon has for the past ten years owned and operated a barber shop at 209 East Front Street in the City of Plainfield. He is a member of the Associated Barbers of New Jersey hereafter called the corporate plaintiff which is an association of employer or proprietor barbers who own and operate their own barber shops. This association is affiliated with and a part of the Associated Master Barbers and Beauticians of America, a national organization. The chapter of which plaintiff Simon is a member is known as Plainfield Chapter No. 945 and is composed of seven other proprietor barbers.

The complaint alleges that plaintiff Simon works in his shop with the tools of his trade and employs an associate barber who was a member of the defendant union; that by

reason of his employment of union help plaintiff Simon was given a union shop card by the defendant union for display in his shop; that the defendants Bruno J. Soriano and Louis D'Agostino, who are respectively president and secretary-treasurer of the defendant union, demanded that plaintiff Simon and other members of the corporate plaintiff sign written applications for membership in the Employers Guild (hereafter called the guild) which is an affiliate of the defendant union and governed by the same constitution and by-laws as the defendant union; that unless they signed such applications and became members of the guild the union shop card would be removed, their shops would be picketed, the journeymen barbers employed in their shops would not be permitted to remain in their employ; that since February 29, 1952 the shop of plaintiff Simon has been picketed by members of the defendant union; that the shops of other members of the corporate plaintiff have been intermittently picketed and that defendants threatened to put plaintiff Simon and other members of the corporate plaintiff out of business.

Defendants in their answer say that they requested, not demanded, that plaintiff Simon and the other members of the corporate plaintiff join the guild; that the employee of plaintiff Simon, one John Puglisi, was suspended from membership in the union on February 29, 1952; that thereafter they requested Simon to surrender the union shop card and upon his refusal the defendant D'Agostino together with other persons did on March 18, 1952 enter Simon's shop and remove the union shop card. They admit the picketing of Simon's shop and the shops of other members of the corporate plaintiff. They justify these actions upon the ground that a labor dispute exists within the meaning of *R. S.* 2:29–77.1 *et seq.*

By stipulation entered into in open court the defendants admitted that plaintiffs suffered damage as a result of their actions, but contend that such damage is *damnum absque injuria*. Plaintiffs waived their claim for money damages.

Three questions are presented (1) does a labor dispute exist, (2) are plaintiffs entitled to injunctive relief against picketing by defendants for the purpose of compelling plaintiff Simon and other members of the corporate plaintiff to join the guild, and (3) is plaintiff Simon entitled to injunctive relief against removal by defendants of the union shop card?

█ █ It is conceded that no dispute exists between plaintiffs and their employees or between plaintiffs and the defendant union over hours of work, or wages, or conditions of employment. However defendants contend "there is a dispute between plaintiff and the Local with regard to persons working at the tools of the trade in said barber shop but who are not members of the Local." This obviously refers to owners who work with their tools as barbers in their shops.

In *Outdoor Sports Corp. v. A. F. of L., Local* 23132, 6 *N. J.* 217 (1951), the Supreme Court in considering the provisions of the Anti-Injunction Act, *R. S.* 2:29–77.1 *et seq.,* said that "The act is bottomed in the employer and employee relationships * * * and the phrase 'labor dispute' as defined and used in the act necessarily must be founded upon or proximately grow out of a basic relationship of employer and employee and a dispute concerning terms or conditions of such employment." Applying this interpretation of the meaning of a labor dispute to the facts here present, the conclusion is inescapable that no such labor dispute exists.

█ Plaintiff Simon and the members of the corporate plaintiff have a right to pursue and carry on their business without interference or hindrance. To interfere with this right without just cause is unlawful. *Brennan v. United Hatters,* 73 *N. J. L.* 729 (*E. & A.* 1906) ; *Dorchy v. Kansas,* 272 *U. S.* 306, 47 *S. Ct.* 86, 71 *L. Ed.* 248 (1926).

The primary object of the picketing is to force plaintiffs to join the guild. Should this object be accomplished and the plaintiffs become members, they insist they will be required to resign from the Associated Master Barbers of New Jersey, with its attendant loss of benefits, because art. XVII, Sec. 8

of the constitution of the guild prevents the affiliation with any dual organization composed of employers, or the continuation of membership in such organization except with the approval of the international union. The constitution also provides that proprietor members shall be ineligible to vote on matters pertaining to wages and hours of employment and shall be ineligible to hold office in the local or international union. *Art. XVII, Sec.* 3.

In *Riviello v. Journeymen Barbers, etc.,* 88 *Cal. App. 2d* 499, 199 *P. 2d* 400 (*Dist. Ct. App.* 1948), the facts were similar to those in the case *sub judice.* There the court considered the identical sections of the union's constitution and held that "A clearer case of attempting to create a discriminated against class of members cannot be imagined. * * * In other words, plaintiffs cannot earn a living at their trade unless they join the union, and, if they join, they become sterile members. That cannot and should not be held to be a proper and lawful labor objective." Picketing which has for its purpose an unlawful object will be restrained. *Outdoor Sports Corp. v. A. F. of L., Local* 23132, *supra.* Therefore plaintiffs are entitled to injunction on this phase of the case.

It is not disputed that the union shop card is the property of the defendant union. It came into the possession of the plaintiff Simon by reason of the fact that he employs union help. One of the rules governing shop cards printed on the reverse side of the card provides that such card may not be displayed in a shop where non-unionists are employed and any person eligible to membership in the union who is not in good standing therein shall be considered a non-unionist. At the time Simon received this card his employee was a member of the union in good standing. On February 29, 1952 the employee was suspended from membership. By letter dated March 3, 1952, over the signature of the defendant D'Agostino, plaintiff Simon was notified of such suspension. No reason is offered or shown for such suspension and the court entertains no doubt that such sus-

pension was arbitrary and done for the purpose of lending color to the creation of a labor dispute and as part of a scheme in furtherance of defendants unlawful object. It does not appear that plaintiff Simon was given the opportunity to employ a member of the union in good standing or that defendants offered to replace the suspended member. Under the circumstances presented the injunction will issue.