JOE FRANKLIN, Plaintiff, *v.* ASSOCIATED MUSICIANS OF GREATER NEW YORK, LOCAL 802, A. F. OF M., et al., Defendants.

Supreme Court, Special Term, New York County, January 23, 1953.

*Kevie Franklin* and *Samuel M. Rivelson* for plaintiff.

*Vladeck & Elias* for defendants.

STEUER, J. In this action for an injunction plaintiff moves for a temporary injunction and defendant cross-moves to dismiss the complaint. The material facts are not in dispute. Plaintiff is in the business of putting on various types of entertainment. On New Year's Eve he staged a vaudeville show at Carnegie Hall. One of the performers who was consulted

in regard to appearing was one Rogers. He did not appear. Thereafter a dispute arose between Rogers and plaintiff as to this entertainment — Rogers claiming that plaintiff had contracted to pay him for this show and plaintiff denying that any contract had been made. Rogers notified defendant union of which he is a member, and defendant notified plaintiff to appear before a trial board of the union to determine the merits of Rogers' claim. Plaintiff appeared and the trial board found that Rogers was entitled to $250 from plaintiff. Plaintiff refused to pay whereupon defendant placed plaintiff's name on its " unfair list." This latter is a sheet which defendant circulates among its members. It consists of a list of names with the words " Unfair List " at the head and is generally understood among the trade to indicate persons who have been guilty of improper practices in their relations with union members so that these latter and others may be advised of the character of the persons named in it. Plaintiff seeks to enjoin the circulation of his name on the list.

Defendant's first contention, that this is a labor dispute and hence not subject to injunction without proof of compliance with the relevant provisions of law (Civ. Prac. Act, § 876-a) is unsound (*Exchange Bakery* v. *Rifkin,* 245 N. Y. 260). Their second contention is that they have a right to do what they are doing — that is publicize their grievance and seek support. The answer is that they have such right if their grievance is lawful but not if it isn't (*Rochette & Parzini Corp.* v. *Campo,* 301 N. Y. 228). The object here is to compel plaintiff to abide by defendant's decision in a dispute in which one of its own members is a party. There is no contention that plaintiff consented to the union's trial board as an arbiter. Just how defendant claims to acquire the right to adjudicate an issue of whether or not a contract exists between its members and a third party is not clear but the justification is more cynical than legal. The claim is that the people defendant's members deal with are so insubstantial that resort to the regularly constituted tribunals is ineffective. To seek to compel a resort to a self-constituted tribunal is not a lawful purpose and the situation is not improved any by the fact that the membership of the tribunal in relation to the matters coming before it would not meet any known standard of disinterestedness.

Motion for injunction granted. Motion to dismiss complaint denied.