REINFORCE, INC., et al., Respondents-Appellants, v. HUGH BIRNEY, as President of Local No. 46 N. Y. of the Wood, Wire & Metal Lathers' International Union, et al., Appellants-Respondents.— Defendants appeal from a judgment for plaintiffs in an action to recover damages for an alleged malicious refusal of a union, prompted by two of its officials, to permit its members to accept employment offered by the plaintiff corporation, of which the individual plain-

tiff is controlling stockholder. Plaintiffs appeal from an order denying their motion to add interest from the date of the alleged wrong and from so much of the judgment as fails to include such interest. Judgment reversed on the law, without costs, and complaint dismissed, on the law, without costs. Findings of fact implicit in the verdict are affirmed, save as to malice and as to the amount of the verdicts, which are excessive. The appeal from the order denying motion to add interest is dismissed, without costs, as academic. The members of the union, who ratified the determination of their executive committee, had the absolute right to refuse to work for the plaintiffs, for any reason or for no reason at all. The element of malice, therefore, is immaterial. (*National Protective Assn.* v. *Cumming*, 170 N. Y. 315, 326; *Rochette & Parzini Corp.* v. *Campo*, 301 N. Y. 228; *Nash* v. *Mennan*, 279 App. Div. 609, affd. 303 N. Y. 956; *Hunt* v. *Crumboch*, 325 U. S. 821, 824.) Carswell, Mac-Crate, Schmidt and Beldock, JJ., concur; Nolan, P. J., concurs in result, with the following memorandum: I am in disagreement with the statement by the majority that the element of malice is immaterial. This appeal involves a concerted action by defendants, which plaintiffs assert was actuated by malice and designed to prevent them from exercising their lawful right to engage in business. Such concerted action, if prompted solely by malice, would be sufficient to subject defendants to liability for the damage incurred. (*Exchange Bakery & Restaurant* v. *Rifkin*, 245 N. Y. 260; *Opera on Tour* v. *Weber*, 285 N. Y. 348; *American Guild of Musical Artists* v. *Petrillo*, 286 N. Y. 226.) However, the evidence is insufficient to establish that the action complained of was prompted *solely* by malice, or that defendants' *sole* purpose was to do injury to plaintiffs. Reversal of the judgment is therefore required. (Cf. *Roseneau* v. *Empire Circuit Co.*, 131 App. Div. 429, 436; *National Protective Assn.* v. *Cumming*, 170 N. Y. 315; *Rochette & Parzini Corp.* v. *Campo*, 301 N. Y. 228, and *Martin* v. *Curran*, 303 N. Y. 276.)