Owen McGivern, J.
The plaintiff, the Metropolitan Funeral Directors Association, is a trade association of funeral establishments, and includes in its membership the G-eis Funeral Home, a plaintiff, and one, Arthur J. Addeo, also a plaintiff; Addeo, in addition to practicing as a trade embalmer, operates his own funeral establishment. The plaintiffs seek to prevent the defendants from picketing the G-eis Funeral Home, where picketing has been in progress, although Addeo is the target of the picketing. The plaintiff association, on behalf of its members, has had collective bargaining relations with the defendant’s union, Local 407, and currently is party to an agreement with that local covering “ employed embalmers and apprentices ” hut excluding “ trade embalmers ”. In fact, there is now pending before the State Labor Relations Board a petition, filed by the plaintiff, to determine the status and representation for trade embalmers. From the year 1948 through 1954, under agreement between the parties hereto, trade embalmers were excluded from collective bargaining, and the agreement subsisted for six years. When the question was raised again by the defendant Local 407, the plaintiff association invoked the machinery of the State Labor Relations Board, and that agency ruled that any collective bargaining between the parties be limited to: “ all licensed embalmers (excluding *639 ' trade embalmers ’) and registered apprentices, employed by the members of Metropolitan Funeral Directors Association Inc.”
In that ruling the board stated, “ It is clear that among other things, the method of work, hours of employment and compensation of embalmers and apprentices, on the one hand, and ‘ trade embalmers ’ on the other are dissimilar, and their interests are not mutual.”
This court, though not bound by such determination, must give its ruling due consideration. The defendant union contends that even if a trade embalmer is considered to be an independent contractor, nonetheless he is legally classified as a “working man ”. On the other hand, the plaintiffs contend that whatever his status may be, the picketing sought to be enjoined is not being done for a lawful or legitimate objective of union activities. Admittedly, the plaintiff Addeo is not an employee of the plaintiff Geis, but is the proprietor of a separate establishment, engaging himself as a trade embalmer only at the request of other funeral homes. Forthrightly, the union asserts that it has today a near monopoly of the organization of the trade embalmers, the plaintiff Addeo being one of four known nonmembers. Its objective then appears to be to establish uniform rates for embalming work which in turn tends to fix prices.
The defendants heavily rely upon the determination in People v. Gassman (295 N. Y. 254). But this court is of the opinion that the case of Goodwins Inc. v. Hagedorn (303 N. Y. 300) is more directly applicable, and as was said in the Goodwins case (p. 305): “ In short, the defendant union is subjecting the plaintiff employers to economic pressure and is thereby injuring their business without justification in law. Coercion of that kind is clearly unlawful (Dorchy v. Kansas, 272 U. S. 306, 311) and in our judgment can be enjoined by the courts of this state. Section 876-a of the New York Civil Practice Act does not bar injunctive relief in a case where, as here, no lawful labor objective is sought by the defendant union ”.
Upon the submission before this court, the plaintiff has established, apart from the pendency of the petition before the labor board, that a labor dispute as such does not exist. And bearing in mind the harm that must ensue to the plaintiffs, if the picketing continues, and the comparatively slight harm to the defendants, if any at all is conceivable, as a result of a temporary restraint until a full trial of the issues at an early date, it is directed that a temporary injunction issue in accordance with the plaintiffs’ motion. Settle order.