BUY-WISE MARKETS, INC., Plaintiff, *v.* MEYER WINOKUR, as President of the RETAIL DAIRY GROCERY & FRUIT EMPLOYEES UNION, LOCAL No. 338, an Unincorporated Association Consisting of Seven or More Members, and Others, Defendants.

Supreme Court, Special Term, Kings County, February 25, 1938.

*A. E. Robert Friedman,* for the plaintiff.

*Markewich & Null,* for the defendants.

WENZEL, J. This is an application for a temporary injunction. The following facts are conceded: The plaintiff on starting business less than two weeks ago signed closed shop agreements with two unions affiliated with the American Federation of Labor. All its employees (forty-three) are members of one of these two unions. The defendants, a union affiliated with the C. I. O., are now picketing plaintiff's store bearing placards announcing: "This store refuses to employ members of Local 338, C. I. O." While it appears that defendants at first bore false and misleading signs, and engaged in intensive picketing, these practices on the urgence of the police were discontinued, and the question now before the court is whether picketing by two men bearing placards as above described may be enjoined by this court.

The purpose of the picketing, of course, is to persuade customers not to trade in this store, to the end that the plaintiff, yielding to this pressure, will break its present agreement with the American Federation of Labor. It is, of course, not to apprise plaintiff's employees of the situation or to prevail upon them to join the defendants' union. If the plaintiff yields to defendants' importunity the

unions with whom it has contracted will then have just cause for picketing its business. The plaintiff finds itself between the upper and the nether millstone in a quarrel between the two great labor organizations of this country. If picketing were not detrimental to the plaintiff, it would not be engaged in, but the highest court in this State has said, and reiterated, that since picketing is legal, " resulting injury is incidental and must be endured." (*Exchange Bakery & Restaurant, Inc., v. Rifkin*, 245 N. Y. 260, 263.) I cannot reconcile this statement with the principle that one may not exercise an undoubted legal right in such a manner as to injure an innocent party. I find myself in accord with the dissenting opinion of Judge O'Brien in *Stillwell Theatre, Inc., v. Kaplan* (259 N. Y. 405), but there can be no question of the fact that under the law as it has been pronounced by the Court of Appeals of this State an injunction as here requested may not issue. The fact that the " incidental injury " accruing to the plaintiff in this and similar cases is in the end a real and serious injury to labor itself is an economic question and no official concern of this court, so it has been held.

Motion for a temporary injunction is, therefore, denied on the following authority: *Exchange Bakery & Restaurant, Inc., v. Rifkin* (245 N. Y. 260); *Stillwell Theatre, Inc., v. Kaplan* (259 id. 405); *Nann v. Raimist* (255 id. 307); *J. H. & S. Theatres, Inc., v. Fay* (260 id. 315).