JOHN F. TROMMER, INC., Plaintiff, *v.* BROTHERHOOD OF BREWERY WORKERS OF GREATER NEW YORK, INC., and Others, Defendants.

Supreme Court, Special Term, Kings County, March 15, 1938.

*Isidor Buxbaum,* for the plaintiff.

*Benjamin Geller,* for the defendants.

HALLINAN, J. Motion for a temporary injunction against picketing by the defendant Brotherhood of Brewery Workers of Greater New York, Inc. (hereinafter referred to as brotherhood) and certain individuals who are its officers, representatives, employees and members.

For upwards of forty-five years the plaintiff has conducted a brewery business at 1632 Bushwick avenue, Brooklyn, N. Y., and for more than thirty years a restaurant business at said premises. For many years the plaintiff has maintained a closed shop in its

business and at the present time is under contract with the several unions having jurisdiction of the various services incidental to its business.

The defendant brotherhood is a membership corporation whose members are brewery workers who are not affiliated with the labor unions having jurisdiction of plaintiff's premises but hold permit cards from the said unions. Permit members are those men who are not members of the unions but hold cards issued by them, permitting them to engage in brewery work. At the present time these men are engaged in a dispute as to their right to membership in such unions. In fact, several actions have been instituted in our courts by members of the brotherhood individually and in behalf of others similarly situated to compel their acceptance as members of these unions.

Since on or about February 24, 1938, two or three pickets of the brotherhood have patrolled the front of plaintiff's premises bearing signs, concededly not because there is any dispute with the plaintiff but for the purpose of bringing home to the members of the unions who are employed in plaintiff's place of business the unfairness of these unions. The signs carried by the pickets read as follows:

> " BREWERY LOCAL 69
> KEG BEER DRIVERS
> LOCAL 24
> BOTTLERS & DRIVERS
> LOCAL 345
> Affiliated with the
> INTERNATIONAL UNION
> United Brewery, Flour, Cereal and Soft
> Drink Workers of America, are
> U N F A I R
> Unfairly Treated and Discriminated Members
> and Permit Members."

It is quite evident from the sign that the outstanding element thereon is the word " UNFAIR," the lettering of which is approximately twice the size of any other lettering thereon. However, it is certain that these signs and the picketing tend to give the public a false impression that there is a labor dispute in progress in plaintiff's place of business, for that is the only reasonable inference that the average passerby or customer of the plaintiff would get from an observation of these signs and the picketing.

Our Legislature and our courts have dealt liberally with labor, labor unions and labor disputes (Penal Law, § 582; Civ. Prac. Act,

§ 876-a; *Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260; *Nann* v. *Raimist*, 255 id. 307; *Goldfinger* v. *Feintuch*, 276 id. 281).

As recently as February 26, 1938, Mr. Justice WENZEL, sitting in this part had before him a case (*Buy-Wise Markets, Inc.*, v. *Winokur*, 167 Misc. 235) where, although the plaintiff's place of business was under contract with unions affiliated with the American Federation of Labor, nevertheless members of unions affiliated with the C. I. O. picketed the plaintiff's place of business. In denying the motion for a temporary injunction, the learned justice stated: " The plaintiff finds itself between the upper and the nether mill-stone in a quarrel between two great labor organizations of this country. * * * The fact that the ' incidental injury ' accruing to the plaintiff in this and similar cases is in the end a real and serious injury to labor itself is an economic question and no official concern of this court, so it has been held."

In the instant case there is no quarrel between rival unions. The pickets are affiliated with neither the A. F. of L. nor the C. I. O. The dispute is purely internal and the picketing is to force action on the part of the unions whose members are employed by the plaintiff, in connection with the pickets' claims to membership in such unions. These claims are the subjects of pending lawsuits in our courts where adequate relief may be obtained if there are facts to warrant it. The broad economic interests of organized labor are not involved. There is no labor dispute; the demands of the pickets have no connection with wages, hours, of labor, better working conditions or unionization. The principle that " resulting injury is incidental, and must be endured " by an innocent party who finds himself between two quarreling labor organizations is not applicable to the circumstances present here. The innocent plaintiff in the case at bar should not be forced to endure injury incidental to an internal, private quarrel within a union, which can be disposed of by the tribunal of that union or by our courts. To adopt a hands-off policy under these circumstances would be disregarding not only the rights of the plaintiff but those of labor as well. Pretenders and outlawed or expelled individuals and groups would thereby be enabled to weaken representative labor organizations and to harass them.

The motion is consequently granted.