FRANK E. NASH, Doing Business under the Name of FRANK E. NASH FENCE COMPANY, Respondent, v. FRANK MENNAN, as President of Local 580 of the International Association of Bridge, Structural and Ornamental Iron Workers, et al., Appellants.—

In our opinion the evidence establishes a labor dispute within the meaning of section 876-a of the Civil Practice Act. Although the members of the defendant union are not employees of the plaintiff, and the defendants were not attempting to organize plaintiff's employees and were not interested in representing them as their bargaining agent, defendants had, nevertheless, a direct interest in the labor policies of plaintiff, who was engaged in the same industry as were the members of the defendant union, and whose wage scale was lower than that of the defendant union, for the work of erecting fences. All engaged in a trade are affected by the prevailing rate of wages. (*May's Furs & Ready-To-Wear*, v. *Bauer,*

282 N. Y. 331–340.) The dispute involved, although jurisdictional in nature, concerned terms and conditions of employment which directly affected the interests of the members of the defendant union. Consequently, plaintiff's failure to comply with the provisions of section 876-a of the Civil Practice Act requires the reversal of the judgment and the dismissal of the complaint. Moreover, whether such a labor dispute is, or is not, involved, it is our opinion that the evidence adduced was insufficient to establish any wrongful acts, or threats, on the part of defendants which justified injunctive relief. The members of defendant union had the right to refuse to work on any ground which they might consider sufficient, and to act individually, or as an organization, if they had no unlawful object in view. (*National Protective Assn.* v. *Cumming*, 170 N. Y. 315; *Williams* v. *Quill*, 277 N. Y. 1.) Under the circumstances disclosed by this record, it was not unlawful for the members of defendant union to refuse to work on jobs upon which plaintiff's employees were erecting fences, or for defendants to threaten to call a strike of such members, if such conditions should continue. Nolan, P. J., Carswell, Johnston, Sneed and MacCrate, JJ., concur. [See *post*, p. 666.]