George T. Vandermeulen, Off. Ref. This is an application for a permanent injunction brought by the plaintiffs who operate .a bakery at Warren, Pennsylvania, under the name of Anderson’s Bakery Company to enjoin and restrain the defendant Truck Drivers & Helpers Local No. 649 and certain officers of the defendant from picketing the places of business of the plaintiffs and of their customers in Chautauqua and Cattaraugus Counties, New York and from interfering, threatening, intimidating or coercing the plaintiffs or their customers or plaintiffs’ employees by any means.
The plaintiffs moved for an order to show cause for a temporary injunction returnable at Mayville, Chautauqua County, New York. On the return day the defendants moved under rule 106 of the Rules of Civil Practice to dismiss the complaint on *509 the ground that the court had no jurisdiction of the subject matter and that it does not state facts sufficient to constitute a cause of ación. They further moved under rule 107 to dismiss the complaint on the ground that it appears from the answering affidavits of the defendants that the court had no jurisdiction of the subject matter.
Pursuant to a stipulation of the attorneys for the parties the issues were referred to the undersigned Official Referee to hear, try and determine by order of the Honorable Reid Mottle, a Justice of the Supreme Court, filed March 13, 1959.
The plaintiffs have a warehouse in the Town of Pomfret, Chautauqua County, north of the intersection of Routes 20 and 60, to which baked goods are transported from their bakery in Warren, Pennsylvania. From the warehouse deliveries are made by truck to numerous retail outlets in Chautauqua, Cattaraugus and Allegany Counties. The plaintiffs own and operate 11 trucks and employ 16 drivers and supervisors, some of whom reside in New York State but belong to Bakery Drivers Union No. 485, which is a Pennsylvania local.
The plaintiffs claim that they deliver to 300 customers which is about 90% of the retail outlets for baked goods in the three afore-mentioned counties. The proof disclosed that the business in Chautauqua and Cattaraugus Counties amounted to about $150,000 annually.
The plaintiffs negotiated a contract on September 23, 1958 with the Bakery Drivers Union No. 485, an affiliate of the International Brotherhood of Teamsters, etc., for the period from October 1, 1958 until October 1, 1960 covering its truck-driver-salesmen. This contract provided for a 6-day 48-hour week. The members of the defendant union, also an affiliate of the International Brotherhood of Teamsters, work in the same area doing similar work and their contracts with their employers provide for a 5-day 40-hour week. Under their contracts no deliveries are made on Wednesdays. The defendants seek to justify the acts complained of by the plaintiffs as an effort to protect the members of their union (Truck Drivers & Helpers Local No. 649), as a continuance of deliveries six days a week will force the employers of their employees to make deliveries of their baked goods six days a week which will be prejudicial to the rights of the members of Local 649.
The proof discloses that the defendants committed the following acts:
1. Prevented the operators of plaintiff’s trucks on two occasions from operating their trucks by a picket standing in front of the trucks in such a position that in order to proceed the *510 driver would of necessity be forced to run over the picket — thus blocking the driveway.
2. Letting the air out of the tires of the trucks of the plaintiffs.
3. Pickets. Walking before the warehouse with signs bearing certain wording.
4. Passing out handbills to patrons of the customers of the plaintiffs.
5. Publications in the newspapers of certain statements concerning the plaintiffs.
6. Interviewing their customers.
The first question to be determined is whether this dispute is under the exclusive jurisdiction of the National Labor Relations Board, and if not properly within the jurisdiction of the Supreme Court of the State of New York under section 876-a of the Civil Practice Act. None of the alleged unlawful acts complained of by the plaintiffs is protected by section 7 or can be classified as unlawful labor practices as defined by section 8 of the Labor Management Relations Act of 1947 as amended (U. S. Code, tit. 29, §§ 157, 158) of which the aforesaid board is given exclusive jurisdiction.
The law appears to be settled that when an employer is engaged in interstate commence, and the Labor Management Relations Act of 1947, as amended, neither prohibits nor protects the employees or their employers in their labor relations, the statute has no application, and jurisdiction is in the State courts. (Garner v. Teamsters Union, 346 U. S. 485, 488; Good-wins, Inc. v. Hagedorn, 303 N. Y. 300, 307-308; Pleasant Val. Packing Co. v. Talarico, 5 N Y 2d 40, 45-46.)
The plaintiffs argue that this is not a labor dispute under section 876-a of the Civil Practice Act, but that the State court has jurisdiction, nevertheless. But subdivision 10 (par. [c]) of section 876-a defines a labor dispute, and this definition clearly brings this case under section 876-a.
The courts have held under facts similar to those of the instant ease, that when employees of different employers are engaged in the same type of work in the same area but under different working conditions, there is such a unity of interest that any controversy arising out of labor relations is a labor dispute within the purview of section 876-a of the Civil Practice Act. (May’s Furs & Ready-to-Wear v. Bauer, 282 N. Y. 331, 338-341; Exchange Bakery & Restaurant v. Rifkin, 245 N. Y. 260, 263; Nash v. Mennan, 279 App. Div. 609, affd. 303 N. Y. 956; Empire Ralph Corp. v. Moving Picture Operators Union, 17 Misc 2d 601.)
*511 Although the plaintiff has not complied with section 876-a, in my opinion, it is better for all concerned that the case be now decided on the merits.
As to the handbills and the published statements in the newspapers, there were no untruthful or false statements so announced to the public and published. I am of the opinion that these constituted fair statements which the union was privileged to make. Nor was it any unlawful interference with plaintiff’s customers.
However, an order may be granted only enjoining Local Union No. 649 of the Truck Drivers & Helpers Union, its officers and members from preventing the operation of the trucks, particularly by blocking the driveway in front of the warehouse of the plaintiffs or in any manner on the highway, or by letting air out of the tires of plaintiff’s trucks or in any manner preventing the trucks of the plaintiff from being used.